**The STATE of Texas, Appellant,**

v.

**Thomas YOUNG, Emma Horn, Ambus Horn, and Curtis J. McKelvey, Appellees.**

**No. 01–89–00619–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

April 12, 1990.

Rehearing Overruled May 31, 1990.

John B. Holmes, Harris County Dist. Atty., J. Harvey Hudson and James Lindeman, Asst. Dist. Attys., for appellant.

Stanley Schneider, Terry Collins, Issac Henderson, Houston, for appellees.

Before SAM BASS, WARREN and DUNN, JJ.

## ON MOTION FOR REHEARING

SAM BASS, Justice.

The State appeals the trial court's orders dismissing eight indictments returned against appellees. We reverse.

On April 27, 1989, a grand jury returned two indictments for bribery against each appellee. On May 25, 1989, Appellee Young filed a petition for writ of habeas corpus, cause number 531,578, which the other appellees joined and adopted as their own, asking that the indictments be dismissed because the grand jury had been discharged before the indictments were returned.

The trial court issued the writ, and, after a hearing, entered an order dismissing the indictments, finding that the grand jury had been discharged at the time it issued the indictments. The court then signed individual orders dismissing each appellees' two indictments.

## MOTIONS TO DISMISS

Appellees have filed three motions to dismiss, each of which will be addressed before turning to the merits of the State's case. Appellees' first and second motions to dismiss are contained in their brief. The third motion to dismiss was filed separately, after the brief was filed.

In their first motion to dismiss, appellees claim we do not have jurisdiction to hear this appeal. Allowing that the State has a right to appeal an order dismissing an indictment, TEX. CONST. art. 5, § 26; TEX. CODE CRIM.P.ANN. art. 44.01 (Vernon 1989), appellees question whether the order of the trial court granting the writ of habeas corpus, is an order dismissing the indictments. Appellees contend that the "real" order in this case is the order granting the writ of habeas corpus, and the language that orders the indictments dismissed is either surplusage or the court's legal and factual findings. Appellees believe that the granting of the writ of habeas corpus was sufficient, standing alone, to afford appellees all the relief they sought.

Appellees also assert that "substance takes precedence over form." Appellees admit that the court's order on the writ of habeas corpus, in form, dismisses the indictments presented, but they assert that the order, in substance, dismisses the cases because of the court's finding there was no proper presentment of the indictments. Appellees argue that, because proper presentment had not been made by the grand jury, the indictments issued were really no indictments at all, and the trial court dismissed the cases because there were no indictments.

These arguments are without merit. Appellees misinterpret the effect of the trial court's issuing a writ of habeas corpus. There is a subtle, but important, difference between issuing a writ of habeas corpus, and granting the relief requested in the writ. The trial court issued the writ of habeas corpus when it conducted a hearing and ordered the sheriff of Harris County to produce appellees. At that point, the writ had issued, but the trial court had not granted appellees any relief. The court could have just as easily issued the writ of habeas corpus, and denied appellees the relief they requested, i.e. the dismissal of the indictments. As a result of its findings in the writ hearing, the trial court signed four separate orders, dismissing the eight indictments. It is from those orders of dismissal, not the issuance of the writ of

habeas corpus, that the State properly appeals.

We hold the State has the right to appeal the trial court's orders, and we assume jurisdiction to hear the merits of the appeal.

Appellees' first motion to dismiss is DENIED.

In their second motion to dismiss, appellees contend the appeal is moot because the State subsequently re-indicted each appellee for the identical offense previously charged. A writ of habeas corpus is not the proper vehicle for appellees to assert their complaint. The purpose of a writ of habeas corpus is to determine the lawfulness of confinement; it is not a substitute for an appeal. *Ex parte McGowan*, 645 S.W.2d 286, 288 (Tex.Crim.App.1983); *Ex parte Stowe*, 744 S.W.2d 615, 616 (Tex. App.—Houston [1st Dist.] 1987, no pet.). Whether the indictments are moot is a question properly directed to the trial court. Appellees should have filed a motion to quash the indictments. If the court denied the motions, appellees could have brought the matter to our attention on appeal. Appellees' second motion to dismiss is DENIED.

In their third motion to dismiss, appellees assert that because the trial court dismissed each of the eight indictments by written order dated May 31, 1989, seven days before the trial court granted the writ, there is no justiciable controversy. Appellees also claim that because the State has not appealed from the orders of dismissal, these orders are now final. Appellees believe the trial court never should have held a hearing on the merits of the writ of habeas corpus.

It should be noted first that the State did in fact appeal the dismissal of the indictments. Its written notice of appeal states:

On June 7, 1989, this Court, in the above entitled and numbered cause, entered *orders dismissing the indictments* in cause numbers [all eight cause numbers and defendants are recited].

The State of Texas now gives written Notice of Appeal to the Court of Appeals sitting at Houston, Texas.

The dismissal of the indictments is clearly the basis for the State's appeal.

The following dates are relevant to these proceedings:

May 25, 1989: Appellee Young filed his petition for writ of habeas corpus to which the other appellees join.

May 25, 1989: The trial court issued the writ of habeas corpus.

May 31, 1989: The trial court conducted a hearing on the writ of habeas corpus and granted appellees the relief requested in their writ of habeas corpus by ordering that the indictments be dismissed.

June 7, 1989: The trial court signed orders dismissing the eight indictments.

It is apparent that the orders dismissing the indictments were signed *after* the court conducted the hearing on the writ. Therefore, the hearing on the writ of habeas corpus was not a pointless exercise as appellees contend.

Appellees' third motion to dismiss is DENIED.

MERITS OF THE APPEAL

In its sole point of error, the State contends that the trial court erred in dismissing the indictments on the ground that the grand jury had been discharged before the indictments were returned.

In the absence of a contrary statute, a grand jury usually serves during the entire term of the court at which it has been summoned to attend. Unless it has been discharged by the court, the grand jury does not cease to be legally constituted until the expiration of that period. *See* 38 C.J.S. *Grand Juries* § 32 at 1022–23 (1943).

The term of the 182nd District Court, the court which empanelled this grand jury, begins on the first Mondays in February, May, August, and November. Tex.Gov't. Code Ann. § 24.363 (Vernon 1988). The first Monday in May 1989, was May 1. Therefore, the last day of the February 1989 term expired Sunday, April 30, 1989.

Even though its term did not officially expire until Sunday, April 30, 1989, the 182nd grand jury was scheduled to convene for the last time on Thursday, April 27, 1989. Sometime on the morning of April 27, the presiding judge of the 182nd District Court signed an order transferring all cases pending before the 182nd grand jury to the next succeeding grand juries. The order states:

On this the 27th day of April, 1989, the above and forgoing [sic] motion having been presented to and considered by the Court, it is hereby ORDERED that the prosecution of all pending cases against various defendants remaining on the docket of the Grand Jury be and they are hereby continued to the next succeeding Grand Juries to be empanelled in the 228th District Court, the 232nd District Court, the 209th District Court, the 230th District Court, and the 248th District Court of Harris County, Texas, for consideration and disposition as provided by law.

Appellees contend that this order discharged the grand jury and precluded the grand jury from issuing any additional indictments. We disagree. Nowhere in the order are there words of discharge. The trial court merely transferred any remaining cases on the grand jury's docket to the next empanelled grand juries. The order did not remove cases from the grand jury's docket or otherwise impair in any way the grand jury's ability and authority to return indictments. Indeed, any order that attempted to remove cases from a grand jury's docket would be questionable in light of the fact that a grand jury has the authority to "inquire into all offenses liable to indictment of which any member may have knowledge, or of which they shall be informed by the attorney representing the State, or any other credible person." TEX. CODE CRIM.P.ANN. art. 20.09 (Vernon 1977).

Additionally, the record shows that it was not the trial judge's intent to discharge the grand jury until it had concluded its business.

Q: (By District Attorney) And at the time you heard [the motion to quash a grand jury subpoena], was your Grand Jury in session?

A: Yes.

Q: Now there was some testimony taken, and in that testimony there was a conversation in which you were directing each party to discuss the issue among ourselves to see if we could resolve it. Do you recall that?

A: Not exactly. I think that you all had indicated that you were going to get it resolved. And I think I said, "Whatever you all are going to do, you better get on it right away because"—I think I said—"I've signed the order discharging this Grand Jury." but this is what I signed.

Q: At the time you spoke to us, was it your intent for your Grand Jury to be discharged at that time?

A: This order was not to be entered until such time as the Grand Jury was finished.

We hold that the 182nd grand jury had the authority to issue indictments until midnight, April 30, 1989, or until properly discharged. The trial court erred in dismissing the indictments on the basis that the grand jury had been discharged at the time it returned the indictments.

The order of the trial court is reversed.