**Daniel John LeBLANC, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–91–00811–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 13, 1992.

Rehearing Denied March 12, 1992.

Discretionary Review Refused
June 3, 1992.

J. Gary Trichter, Kimberly De La Garza, Houston, for appellant.

Winston E. Cochran, Jr., Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Daniel John LeBlanc, appeals from the trial court's order denying his writ of habeas corpus. The trial court denied appellant's petition for writ of habeas corpus requesting a bar from any re-prosecution of appellant following his conviction on May 11, 1988 for the offense of driving while intoxicated. TEX.REV.CIV.STAT.ANN. art. 6701*l*–1 (Vernon Supp.1992). However, the court granted appellant's motion for new trial on June 3, 1988. We affirm.

On January 14, 1988, appellant was charged by information in Cause No. 8,801,561 with the offense of driving while intoxicated. The information read as follows:

> ... while intoxicated, namely, not having the normal use of his mental and physical faculties by the reason of the introduction of alcohol into his body, drive and operate a motor vehicle in a public place.
>
> It is further presented that in Harris County, Texas, DANIEL JOHN Le-BLANC [appellant], hereafter styled the Defendant, heretofore on or about JANUARY 14, 1988, did then and there unlawfully while intoxicated, namely, having an alcohol concentration of at least 0.10 in his breath, drive and operate a motor vehicle in a public place.

After the State rested in prosecution of this case before a jury, the trial court granted an instructed verdict of acquittal in favor of appellant on the theory that there was no evidence to support a theory of intoxication asserted in the second paragraph of the information (having an alcohol concentration of .10 or more). The court then proceeded to trial on the remaining theory of intoxication in paragraph one of the information ("not having the normal use of his mental or physical faculties by reason of the introduction of alcohol into his body"). The trial court did not grant appellant's request to submit an instruction which reflected that appellant had been acquitted on part of the information. The court's charge defined intoxication based on what remained in the information as follows:

> "Intoxicated" means not having the normal use of mental or physical faculties by reason of the introduction of alcohol into the body.

The jury returned a verdict of guilty. Nevertheless, the trial court later granted appellant's motion for new trial which alleged charge error.

On July 18, 1988, prior to re-trial, appellant filed an application for writ of habeas corpus. Appellant argued that relitigation of the 0.10 theory of intoxication, and introduction of the breath test evidence would violate his double jeopardy, collateral estoppel, and due process rights. The State made a motion to abandon and dismiss the second paragraph involving the 0.10 theory of intoxication, which the court granted. The court denied the writ of habeas corpus after a hearing.

Appellant appealed the trial court's denial of his writ of habeas corpus to the First Court of Appeals. Appellant presented eight questions and argued that both the trial court and the State violated his federal and state constitutional rights not to be placed in double jeopardy, to collateral estoppel and to due process. The First Court of Appeals affirmed the trial court. *LeBlanc v. State*, No. 01–88–1022–CR, 1990 WL 59536 (Tex.App.—Houston [1st Dist.] May 10, 1990, pet. ref'd) (unpublished). The Texas Court of Criminal Appeals refused appellant's petition for discretionary review from that decision on January 30, 1991.

On June 11, 1991, appellant filed a second application for writ of habeas corpus asserting again that his due process, collateral estoppel and double jeopardy rights would be violated if reprosecuted. The court granted appellant's application for the writ on June 13, 1991 which requested that appellant be brought for hearing on July 12, 1991, in Harris County, where the offense was committed. The hearing was then reset on two other occasions to July 31, 1991. On July 31, 1991, after a hearing, the court denied appellant's requested relief on his writ of habeas corpus in an instrument styled Habeas Corpus Judgment.

█ In appellant's first point of error, appellant contends the trial court erred in denying appellant's habeas corpus relief on July 31, 1991, because the trial court granted appellant's application for writ of habeas corpus on June 13, 1991. Appellant interprets the June 13, 1991 order signed by the trial judge as an order granting appellant's relief which would bar any further prosecution of appellant.

As appellant points out, it is important to recognize the difference between issuing a

writ of habeas corpus and granting the relief requested in the writ. *See* Tex.Code Crim.Proc.Ann. arts. 11.09, 11.10, 11.40 (Vernon 1986); *See also State v. Young,* 791 S.W.2d 176, 177 (Tex.App.—Houston [1st Dist.] 1990), *aff'd,* 810 S.W.2d 221 (Tex.Crim.App.1991). The writ itself is merely the process by which all persons involved are noticed that the court is considering the issue, parties are physically attached, if necessary and the response (or the return) is made. Issuance of the writ without delay is required unless "it be manifest ... that a party is entitled to no relief whatever." Tex.Code Crim.Proc.Ann. art. 11.15 (Vernon 1986). Once the writ issues, the court considers the return, all attached documents, any testimony, and then either grants or denies the requested relief. Tex. Code Crim.Proc.Ann. art. 11.44.

In the case at bar, on June 13, 1991, the trial judge signed an application for writ of habeas corpus, attached to this opinion as appendix "A1". Also on that same date, a writ of habeas corpus was issued and signed by the presiding judge requesting that appellant appear on July 12, 1991, in Harris County for a hearing on the cause. This writ is attached as appendix "A2". The case was then reset on several occasions as agreed by the parties for defendant and plaintiff until July 31, 1991. These reset forms are attached as appendix "A3". On July 31, 1991, after a hearing, the judge denied the relief requested by appellant. *See* Appendix A–4.

We note that on both the order signed by the judge on June 13, 1991, and on the order signed July 31, 1991, the judge stated that he was granting or denying an "application" for writ of habeas corpus. Nevertheless, there are differences between these two orders. The order signed on July 31, 1991, is styled a Habeas Corpus Judgment (attached as appendix "A4"). In this judgment the court makes clear that it is conducting a hearing pursuant to 11.09 of the Code of Criminal Procedure and that it was considering whether relief requested by the writ should be denied. The court expressly states that it is of the opinion the writ should be denied. Nevertheless, in the following paragraph the court states that the "application", and not the relief, is what is being denied. Although we note that the word "application" is the inappropriate word to be used in this judgment since the relief and not the application is what was being denied, in reading the judgment in its entirety, it is clear that the judge was denying appellant's request for relief. In the order signed on June 13, 1991, the court merely stated that it was granting the application for writ of habeas corpus. There is no language in this order which would suggest that the relief rather than the application was being granted. Taken together with the writ issued and signed by the judge on the same date, it is clear that on June 13, 1991, the judge was merely granting application for the writ in order to appoint a time to examine the requested relief of the applicant. *See* Tex. Code Crim.Proc.Ann. art. 11.10 (Vernon 1986) ("When motion has been made to a judge under the circumstances set forth ... he shall appoint a time when he will examine the cause of the applicant and issue the writ returnable at that time, in the county where the offense is charged in the indictment or information to have been committed. He shall also specify some place in the county where he will hear the motion.")

We find no merit in appellant's argument that the June 13, 1991 order granted appellant's request for habeas corpus relief. Although the word "application" is somewhat confusing because it makes the "habeas corpus judgment" appear to be a denial of application rather that a denial of relief, application is merely the first step in the habeas corpus process. As appellant concedes in citing *State v. Young, supra,* the difference between issuing the writ and granting the relief is a subtle but important difference. It is apparent from the reset forms which were signed by the defendant's attorney in this case that appellant knew that he was resetting the writ hearing. *See Appendix A3.* The reset forms clearly state that they are resetting a writ hearing. There would be no need to reset the hearing if the hearing already took place and relief was granted. Appel-

lant's argument at the July 31, 1991 hearing appears to be a creative method of trying to read into the June 13, 1991 order something that wasn't there. Appellant in his appeal to this court cites the judge's comment that he "did not intend" to grant relief when he signed the June 13, 1991 order. What appellant does not cite to this court is the context of that statement:

> [DEFENSE ATTORNEY]: The Court, by granting this [June 13, 1991] order in effect, granted the relief that we requested.
> THE COURT: No I didn't. I did not intend to *and I did not.*

Appellant's point of error one is overruled.

In points of error two through nine, appellant asserts that the trial court and State violated his federal and state constitutional rights not to be placed in double jeopardy, to collateral estoppel, and to due process. We note that all of these points were previously heard and ruled on by the First Court of Appeals. In fact, we note that the brief appellant filed with this court contains almost the identical word-for-word arguments that appellant presented in its brief to the First Court of Appeal. The First Court of Appeals overruled appellant's arguments and affirmed the trial court in an unpublished opinion. Appellant applied for discretionary review to the Texas Court of Criminal Appeals, and his petition was denied.

■■■ As to all eight of appellant's points of error two through nine, the 1st Court of Appeals' prior decision constitutes the "law of the case". The "law of the case" doctrine provides that an appellate court's resolution of a question of law in a previous appeal of the same case will govern the disposition of the same issue should there be another appeal. *Ware v. State,* 736 S.W.2d 700, 701 (Tex.Crim.App.1987) (court refused to review for the second time the evidence offered at a suppression hearing); *see, generally,* 6 TEX.JUR. 3rd, *Appellate Review,* Sec. 901–14 (1980). The public policy behind the application of the "law of the case doctrine" is to prevent useless relitigation of issues already decided and to promote judicial economy. *See*

*generally* 6 TEX.JUR. 3rd, *Appellate Review,* sec. 901, p. 380. The present case is a perfect example of a situation where the courts should apply the doctrine and why this doctrine is so important. Without application of this doctrine, appellant would be able to gamble that between two court of appeals' decisions he would have a better chance of obtaining a favorable ruling by one of them. Although we note that appellate courts have discretion to depart from this doctrine in exceptional or urgent situations, there is no reason to depart from it in the present case. *See State v. Hall,* 794 S.W.2d 916 (Tex.App.—Houston [1st Dist.] 1990, no writ) ("in the interests of uniformity, judicial economy and efficiency" First Court of Appeals followed decision of Fourteenth Court of Appeals decision concerning same legal issues raised in the same case); *Houston Endowment, Inc. v. City of Houston,* 468 S.W.2d 540, 543 (Tex.Civ.App.—Houston [14th Dist.] 1971, writ ref'd n.r.e.) (where First Court of Appeals decided legal issues from injunction appeal later raised identically for the second time in appeal from judgment after trial, Fourteenth Court of Appeals found no reason to not apply the law of the case doctrine); *See, generally,* 6 TEX.JUR. 3rd, *Appellate Review,* sec. 901–2, p. 380. *Granviel v. State,* 723 S.W.2d 141, 147 (Tex.Crim.App.1986), *cert. denied* 484 U.S. 872, 108 S.Ct. 205, 98 L.Ed.2d 156 (1987) ("Where determinations as to questions of law have already been made on a prior appeal to a court of last resort, those determinations will be held to govern the case throughout all of its subsequent stages, including a re-trial and a subsequent appeal").

Nevertheless, even if the law of the case doctrine were inapplicable in this case, we find that the appellant's points of error were correctly decided by the First Court of Appeals. Appellant argues that article 6701*l*–1(a)(2) defines three separate and distinct offenses:

> (1) A person commits an offense if he drives in a public place with impaired *mental* faculties;

(2) A person commits an offense if he drives in a public place with impaired *physical* faculties; or

(3) A person commits an offense if he drives in a public place with an *alcohol concentration of .10 or more.*

In the present case, the trial court granted an instructed verdict of acquittal on the theory that appellant had an alcohol concentration of .10 or more. Appellant points out, however, that the trial court never informed the jury of the instructed verdict in appellant's favor even though it was requested by appellant. The court's charge contained nothing about the .10 theory although the jury had been voir dired on it and they had heard the State's expert (chemist) testify about it during its case in chief. Accordingly, the jury ostensibly, as per the general verdict, found Appellant guilty of having lost the normal use of his mental faculties or his physical faculties, or both and/or having an alcohol concentration of .10 or more in his body. Because the trial court failed to instruct the jury not to consider the evidence of .16 concentration, which the chemist testified was appellant's alcohol level, the trial court granted appellant's motion for new trial.

 Appellant argues in his eight points of error before us (presented as "eight questions" before the First Court of Appeals), that a new trial would be violative of his due process, collateral estoppel and double jeopardy rights. Appellant asserts that the jury actually found appellant guilty of the offense of driving while intoxicated in a public place with an alcohol concentration of .10 or more based on affidavits appellant took from three jurors who found him guilty in which they recited that the verdict was unanimous that appellant was intoxicated because he had an alcohol concentration of .10 or greater in his body. Appellant further argues that the jurors found appellant "not guilty" of the remaining theories of intoxication, loss of normal use of mental or physical faculties, based on the jurors' affidavits wherein they stated that they were unanimous that appellant had not lost either the normal use of his mental or physical faculties. From these statements, appellant asserts his constitu-

tional rights were violated since the jury actually found him guilty on a theory of intoxication unavailable in the court's charge and not guilty on the only theories of intoxications available in the court's charge. The affidavits appellant's attorney procured from the jurors represent an attempt to impeach the verdict. The law is well-settled that jurors are incompetent to impeach their verdict by affidavit or testimony about their mental process during deliberation. *Greenwood v. State,* 802 S.W.2d 10, 12 (Tex.App.—Houston [14th Dist.] 1991, writ granted) (citing *Daniels v. State,* 600 S.W.2d 813, 816 (Tex.Crim.App. 1980); *Berry v. State,* 588 S.W.2d 932 (Tex. Crim.App.1979); *Hill v. State,* 493 S.W.2d 847 (Tex.Crim.App.1973)). We hold that we cannot consider these affidavits supporting appellant's arguments concerning double jeopardy, collateral estoppel and due process violations. Without these affidavits, and without an acquittal or conviction, there is no support for appellant's arguments.

In addition, we agree with the First Court of Appeals analysis concerning appellant's arguments regarding double jeopardy:

The state and federal constitutions prohibit a defendant from being put in jeopardy for the same offense. U.S. CONST. amend. V; TEX. CONST. art. I, sec. 14. As recently noted by the Texas Court of Criminal Appeals, the state and federal constitutions "protect against a second prosecution for the same offense after conviction and against multiple punishments for the same offense." *Lofton v. State,* 777 S.W.2d 96, 97 (Tex.Crim.App. 1989), citing *North Carolina v. Pearce,* 395 U.S. 711, 717 [89 S.Ct. 2072, 2076, 23 L.Ed.2d 656] (1969).

The double jeopardy clauses do not mean that "every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in a final judgment." *Wade v. Hunter,* 336 U.S. 684, 688 [69 S.Ct. 834, 837, 93 L.Ed. 974] (1949), citing with approval in *Lofton v. State,* 777 S.W.2d at 97. As observed by the Court of Criminal Appeals in *Lofton,* the reason that a party

in appellant's position is not entitled to habeas relief is that he is not being threatened with exposure to 'double' jeopardy. The court continues:

> Although it attached in the first trial, jeopardy was not terminated by an acquittal or conviction. After hearing, the trial judge did not order an acquittal for insufficient evidence; rather, the court set aside the verdict and vacated its judgment by granted a new trial on motion by applicant, thereby restoring the case 'to its position before the former trial.' TEX.R.APP.P. 32.

*Lofton,* 777 S.W.2d at 97, citing *Richard v. United States,* 468 U.S. 317 [104 S.Ct. 3081, 82 L.Ed.2d 242] (1984).

Here, appellant is not subjected to double jeopardy. He has not gained an acquittal nor suffered a conviction. He has not been sentenced to any form of punishment. He faces another trial for the same offense because the trial court granted his motion for new trial.

*Ex parte Daniel John LeBlanc,* No. 01–88–02022–CR, 1990 WL 59536 (Tex.App.— Houston [1st Dist.] May 10, 1990, pet ref'd) (unpublished). Appellant's points of error two through nine are overruled.

The habeas corpus judgment of the trial court is affirmed.

SEARS, J., concurs in result only.

## APPENDIX A-1

CAUSE NO. 8825518

| STATE OF TEXAS | § | IN THE COUNTY CRIMINAL |
| VS. | § | COURT AT LAW #8 |
| DANIEL JOHN LeBLANC | § | HARRIS COUNTY, TEXAS |

### O R D E R

On this day came on to be heard Defendant's Application for Writ of Habeas Corpus ~~and Defendant's Special Plea in Bar of Reprosecution, and the Court having considered the same~~, it is hereby in all things

GRANTED DENIED.

SIGNED and ENTERED this ___ day of _____, 1991.

_____
JUDGE PRESIDING

## APPENDIX A-2

C1101 **THE STATE OF TEXAS,** WRIT OF HABEAS CORPUS

To _Johnny Klevanhagen_
Sheriff of Harris County, Greeting:

No. _9123422_

YOU ARE HEREBY COMMANDED to produce and have before _Neel Richardson_

Judge of the _13_ District Court of Harris County, Texas, at Houston, Texas, in the said County

and State, on the _10_ day of _July_ 19_91_ at _9_ o'clock _A_ M.,

the person and body of _Daniel John LeBlanc_

whom it is alleged you illegally restrain of his liberty, when and where you will show why you hold

the said _Daniel John Le Blanc_

in custody and restrain him of his liberty.

HEREIN FAIL NOT, but of this Writ make due return as the law directs.

Witness my official signature at Houston, Texas, this day _13_ day of _June_ 19_91_

Bail fixed at $_None_ pending hearing.

Judge Presiding

Issued _6-13-_ 19_91_

RAY HARDY,
District Clerk, Harris County, Texas.

By _____ Deputy.

CASE# 9123422

THE STATE OF TEXAS

V.S.

Daniel John Cerfen

CHARGE: WRIT

IN THE COUNTY CRIMINAL

COURT AT LAW # 8

OF HARRIS COUNTY, TEXAS

# CASE RESET FORM.

The undersigned Defendant and Counsel acknowledge this case is reset for _Writ Hearing_

From: 7-12 To: 7-23 A.D. 19 91, at :00 ___ .M.

The State and the Defendant have entered into the following Plea-Bargain Agreement:

Jail _____ Credit _____ Probated _____

Fine _____ Probated _____ Deferred _____

Restitution _____

| Fine/Fees | |
|---|---|
| Fine | |
| Court Costs | |
| Sup. Fee | |
| Other | |
| TOTAL | |

ATTORNEY FOR THE STATE

DEFENDANT

REASON FOR
RESETTING:

REQUESTOR'S
INITIALS:

☐ OPERATION OF LAW

☐ BY AGREEMENT

☐ STATE REQUEST

☐ DEFENSE REQUEST

☐ OTHER

APPROVED:

_____ 7-12-91
JUDGE/COORDINATOR/DATE

DISTRICT CLERK'S FILE

☐ APPOINTED

☐ HIRED

J. Gary Richton
(Print) ATTORNEY FOR DEFENDANT

ATTORNEY BAR CARD NUMBER

(Sign) ATTORNEY FOR DEFENDANT

TELEPHONE

COMMENTS

FILED
KATHERINE TYRA
District Clerk
JUL 12 1991
Harris County
By ___ Deputy

(F)

REV. 9/89

CASE# 9123422

THE STATE OF TEXAS

V.S.

Daniel John LeBlanc

CHARGE:

IN THE COUNTY CRIMINAL

COURT AT LAW # 8

OF HARRIS COUNTY, TEXAS

# CASE RESET FORM

The undersigned Defendant and Counsel acknowledge this case is reset for _____,

From: 7-23 To: July 26 A.D. 19 91, at 9 :00 A.M.

The State and the Defendant have entered into the following Plea-Bargain Agreement:

Jail _____ Credit _____ Probated _____

Fine _____ Probated _____ Deferred _____

Restitution _____

| Fine/Fees | |
|---|---|
| Fine | |
| Court Costs | |
| Sup. Fee | |
| Other | |
| TOTAL | |

_____ X _____
ATTORNEY FOR THE STATE DEFENDANT

☐ APPOINTED
☐ HIRED

REASON FOR REQUESTOR'S
RESETTING: INITIALS:

_____
Gary Trichter (Print) ATTORNEY FOR DEFENDANT

☐ OPERATION OF LAW _____
☐ BY AGREEMENT _____
☒ STATE REQUEST _____ ATTORNEY BAR CARD NUMBER
☒ DEFENSE REQUEST _____ _____ (Print) ATTORNEY FOR DEFENDANT
☐ OTHER _____ TELEPHONE

COMMENTS:

APPROVED:

_____ 7-23-9
JUDGE/COORDINATOR/DATE

DISTRICT CLERK'S FILE

FILED
JUL 23 1991

APPENDIX A-3
PAGE 3 OF 3

REV. 9/89

CASE # 9123422

THE STATE OF TEXAS

V.S.

Ex Parte Marmie John LaBlanc

CHARGE: _____

IN THE COUNTY CRIMINAL

COURT AT LAW # 8

OF HARRIS COUNTY, TEXAS

# CASE RESET FORM

The undersigned Defendant and Counsel acknowledge this case is reset for _Writ Hearing_,

From: _726_ To: _7-31_ A.D. 19 ____, at _8_ :00 _A_ .M.

The State and the Defendant have entered into the following Plea-Bargain Agreement:

HABEAS CORPUS JUDGMENT

THIS DAY came on to be heard before me this application for the Writ of Habeas Corpus pursuant to Article 11.09 Code of Criminal Procedure. Said petitioner appeared in open Court, with counsel, and the Court proceeded to hear said application and after having examined the writ and all papers and documents attached thereto, and having heard the testimony offered on both sides; the Court is of the opinion that said Writ should be denied.

IT IS THEREFORE ORDERED AND ADJUDGED that the application of the said Daniel J. LeBlanc herein be denied.

Signed and entered this the 31 day of July 19 91 A.D.

