Opinion issued February 19, 2009








                    




     





In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00189-CV




ABBAS YAZDCHI, HABIBOLLAH YAZDCHI, AND AHMAD YAZDCHI
Appellants

V.

SAN ANTONIO FEDERAL CREDIT UNION AND JEFF FARVER, 
Appellees




On Appeal from the 281st District Court
Harris County, Texas
Trial Court Cause No. 2004-20780




MEMORANDUM OPINION
          Appellants, Abbas Yazdchi (“Abbas”), Habibollah Yazdchi (“Habibollah”),
and Ahmad Habibollah (“Ahmad”), challenge the trial court’s rendition of summary
judgment in favor of appellees, San Antonio Federal Credit Union and Jeff Farver



(collectively, “SACU”), in appellants’ suit to recover funds transferred to SACU by
a court-appointed receiver. 
          In their sole issue, appellants contend that the trial court erred by granting
summary judgment in favor of SACU.
          We affirm.
Background
          The factual background in this case has already been fully presented by this
court in Habibollah Yazdchi, Abbas Yazdchi, and Ahmad Yazdchi v. Bank One, Texas,
N.A. and Chase Bank, Texas, N.A., 177 S.W.3d 399, 400–03 (Tex. App.—Houston
[1st Dist.] 2005, pet. denied). 
          Pertinent to the issue in this case is that, in 1999, the State of Texas sued Ali
Yazchi (“Ali”), who is the son of appellant Habibollah and the brother of appellants
Abbas and Ahmad, for violations of the Texas Deceptive Trade Practices–Consumer
Protection Act


 (“the Ali action”).


 According to the State’s suit, Ali bilked
consumers


 and insurance companies out of over $2,000,000 through the use of 63
aliases—including the use of several social security numbers, driver’s license
numbers, and dates of birth. Among the aliases Ali used were names of his family
members, Habibollah, Abbas, and Ahmad, who are appellants in this case.
          In the Ali action, the trial court ordered several banks across the state “holding
money in the name of and/or benefit of [Ali]” to freeze funds “belonging to or owned
by, in the possession of custody of, standing in the name of, or claimed by [Ali] or
any of [Ali’s] aliases.” The trial court appointed a receiver to take possession of 
funds in 24 accounts at 18 financial institutions and to distribute the funds as
restitution to injured parties. 
          One such injured party was SACU, which had, three weeks prior to the Ali
action, loaned Ali $36,900.00. The receiver entered into a settlement agreement with
SACU and issued a trustee’s check to SACU to pay the loan in full. 
          In 2001, appellants sued the State, the receiver, Bank One and Chase Bank,
alleging conversion, negligence, and violations of the Texas Deceptive Trade
Practices Act, asserting that the banks had improperly frozen and turned over to the
receiver money that belonged to appellants. Appellants asserted that they, and not
Ali, were the true owners of the funds. Summary judgment was rendered in favor of
the defendants.  
          On appeal, appellants argued, in part, that their “rights to the funds on deposit
were never adjudicated in the Ali action because they were neither parties nor privies
to the Ali action, and therefore no order entered in that case could affect their legal
rights”; that the banks “misinterpreted the orders entered in the Ali action as applying
to funds held in accounts under their names”; and that “the Banks unlawfully
transferred assets standing in their names without regard to whether Ali actually
owned or was in possession of those assets.” Bank One, Texas, N.A., 177 S.W.3d at
404.
          This court affirmed the trial court’s summary judgment, based on statutory
protections found in Texas Civil Practice and Remedies Code section 31.010 and
Texas Finance Code 59.008. See id. at 408. We concluded that sections 31.010 and
59.008 are intended to encourage banks to comply with turnover orders by protecting
them from liability, even when there may be competing claims. See id. at 406–07. 
          We also recognized that “the orders entered in the Ali action did not adjudicate
the appellants’ ownership rights to the funds transferred by the Banks to the receiver.” 
Id. at 408. We reasoned, however, that “while Ali and appellants were not named
joint account holders, the court in the Ali action necessarily found that the funds in
‘appellants’ accounts’ were actually in Ali’s possession or subject to Ali’s control”
and that appellants could be “characterized as ‘co-depositors.’” Id. at 407. We noted
that appellants did not show that they took any action, other than the filing of suit two
years later, to prevent the banks from complying with the trial court’s order. Id.
          On April 23, 2004, appellants sued SACU, seeking to recover $38,606.36 that
the receiver paid to SACU to satisfy Ali’s loan. Appellants alleged conversion,
negligence, fraud, and unjust enrichment on the ground that SACU “converted”
appellants’ funds for the payment of Ali’s debt; that SACU should have known that
the funds belonged to appellants, and not to Ali; and that SACU made a fraudulent
demand on the receiver. 
           SACU moved for summary judgment on the basis that “law of the case”
doctrine barred appellants’ claims. SACU contended that appellants
have asserted that the monies paid by [the receiver] to [SACU] belonged
to [appellants] since it came from accounts at [Bank One, Chase, etc.]
which they allege was [sic] improperly seized. However, the Court of
Appeals has affirmed that the funds seized by the receiver were that [sic]
of Ali Yazdchi. Therefore, under the Law of the Case Doctrine, if the
funds of the three financial institutions were properly taken as belonging
to Ali Yazdchi, their subsequent payment by the receiver to [SACU] in
payment of Mr. Yazdchi’s debt could not be wrongful as to these
[appellants] since, the funds did not belong to these [appellants]. 
 
To their motion, SACU appended a copy of this court’s decision in Bank One, Texas,
N.A., 177 S.W.3d 399.  
          In their response to the motion for summary judgment, appellants contended
that SACU was relying “upon a holding and opinion in an entirely separate lawsuit
in which” SACU was not a party and that “law of the case” doctrine was inapplicable.
          On November 20, 2006, after a hearing, the trial court granted summary
judgment in favor of SACU. Appellants’ motion for new trial was denied. This
appeal ensued.



Summary Judgment
          Appellants contend that the trial court erred by granting summary judgment in
favor of SACU. Specifically, appellants contend that “law of the case” doctrine,
which is the sole basis advanced by SACU in its motion for summary judgment, is
inapplicable to this suit.
A.      Standard of Review
          We review a trial court’s ruling on a motion for summary judgment de novo.
Valence Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005). A summary
judgment under Rule of Civil Procedure 166a(c) is properly granted only when a
movant establishes that there are no genuine issues of material fact and that he is
entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); KPMG Peat Marwick
v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999). A defendant
moving for summary judgment must either (1) disprove at least one element of the
plaintiffs’ cause of action or (2) plead and conclusively establish each essential
element of an affirmative defense to rebut the plaintiffs’ cause. Cathey v. Booth, 900
S.W.2d 339, 341 (Tex. 1995). 
          First, the movant must conclusively establish its right to judgment as a matter
of law. See MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986). A matter is
conclusively established if reasonable people could not differ as to the conclusion to
be drawn from the evidence. City of Keller v. Wilson, 168 S.W.3d 802, 816 (Tex.
2005). 
          Then, if the movant conclusively establishes its right to judgment, the burden
shifts to the non-movant to respond with evidence raising a genuine issue of material
fact that would preclude summary judgment. See Rhone-Poulenc v. Steel, 997
S.W.2d 217, 222–23 (Tex. 1999) (explaining that non-movant has no burden to
respond to summary judgment motion unless movant conclusively establishes its
cause of action or defense). In deciding whether there is a disputed material fact
precluding summary judgment, evidence favorable to the non-movant will be taken
as true, every reasonable inference must be indulged in favor of the non-movant, and
any doubts must be resolved in favor of the non-movant. Dorsett, 164 S.W.3d at 661.
B.      Legal Principles 
          “Law of the case” doctrine is defined as that principle under which questions
of law decided on appeal to a court of last resort will govern the case throughout its
subsequent stages. Loram Maintenance of Way, Inc. v. Ianni, 210 S.W.3d 593, 596
(Tex. 2006). Under the doctrine, a court of appeals is ordinarily bound by its initial
decision if there is a subsequent appeal in the same case. Briscoe v. Goodmark Corp.,
102 S.W.3d 714, 716 (Tex. 2003). The doctrine is intended to achieve uniformity of
decision as well as judicial economy and efficiency through narrowing the issues at
successive stages of litigation. Id. “The doctrine is based on public policy and is
aimed at putting an end to litigation.” Id. “Application of the doctrine lies within the
discretion of the court, depending upon the particular circumstances surrounding [the]
case.” Id.; see also LeBlanc v. State, 826 S.W.2d 640, 644 (Tex. App.—Houston
[14th Dist.] 1992, pet. ref’d) (stating that appellate courts have discretion to depart
from “law of the case” doctrine in exceptional circumstances).
          The doctrine has been held to apply “to implicit holdings, i.e., conclusions that
are logically necessary implications of positions articulated by the court, as well as
explicit ones.” Intern. Fidelity Ins. Co. v. State, No. 14-98-00324-CR, 2000 WL
729384 (Tex. App.—Houston [14th Dist.] June 8, 2000, pet. ref’d) (not designated
for publication) (citing Alberti v. Klevenhagen, 46 F.3d 1347, 1351 n.1 (5th Cir.
1995)).
C.      Analysis 
          By their petition, appellants sought to recover $38,606.36 that they assert 
SACU improperly obtained from the receiver. Appellants presented their allegations
as follows:
        CONVERSION, NEGLIGENCE, FRAUD, UNJUST ENRICHMENT 
. . . . 
          8.       [SACU] knew that [appellants] were the true owners of the
accounts from which they took the monies. [SACU] then
converted these funds for the debts of another, knowing such to
be the debt of another, without consent of [appellants], the true
owners of the accounts. [SACU] engaged in such conversion with
intent to permanently deprive [appellants] of the use and value of
such funds when in fact [appellants] did not owe any money to
[SACU].
9.[SACU] misrepresented a wrongful bill or fraudulent bill and
knowingly knew [sic] that the bill or debts were not owed by
[appellants] and collect [sic] money for fraudulent bills, in this
case, somebody else [sic] debts not [appellants’].
          . . . .
          11.     [SACU] unjustly got richer without any good cause by defrauding 
[appellants].
          12.     [SACU’s] negligence were [sic] a producing and proximate cause
of the damages of which [appellants] now complain.
          13.     [SACU] knew or should have known that the money was coming
from [appellants] . . . .

 
 
          The record shows that SACU answered with a general denial and asserted
several affirmative defenses, including “res judicata, collateral estoppel, and law of
the case.”

          In its motion for summary judgment, SACU solely asserted “law of the case”
doctrine as the basis for its right to judgment as a matter of law.


 SACU asserted that
the trial court was being asked to revisit the propriety of the seizure of the money
from the banks and the distribution of the same money by the receiver under the trial
court’s order. SACU contended that the issue of ownership or injury—requisite
elements common to each of appellant’s claims


—was necessarily decided against
appellants in Bank One, Texas, N.A., 177 S.W.3d 399. 

          In their response to SACU’s motion for summary judgment, appellants argued
that law of the case doctrine was inapplicable because the doctrine applies only to
later proceedings in the same case, and SACU was not a party to the prior case.

          We recognize that the matter before us is not a subsequent appeal in “the same
case,” however, it has been held that the doctrine applies when an appellate court is
asked to decide a matter that it has itself previously determined. See e.g., Ware v.
State, 736 S.W.2d 700, 701 (Tex. Crim. App. 1987)


 (explaining that, “in purely
analytical terms the ‘law of the case’ doctrine is only applicable to subsequent appeals
of the same case” and that “this appeal is admittedly not exactly the same case” as the
prior; however, “when the facts and legal issues in a case on appeal are virtually
identical with those in a previous appeal in which the legal issues were resolved then
logic and reason dictate that the appeals be viewed as the same case”). 

          In the prior suit, we recognized that “the orders entered in the Ali action did not
adjudicate the appellants’ ownership rights to the funds transferred by the Banks to
the receiver.” Bank One, Texas, N.A., 177 S.W.3d at 408. We reasoned, however,
that “while Ali and appellants were not named joint account holders, the court in the
Ali action necessarily found that the funds in ‘appellants’ accounts’ were actually in
Ali’s possession or subject to Ali’s control.” Id. at 407 (emphasis added). 

           Here, Ali’s ownership or control of the funds is a “logically necessary
implication” of the position taken by this court in the prior appeal, which involved
the same appellants, the same claims (conversion, negligence, forms of fraud, etc.),
and the same money in dispute. See Alberti, 46 F.3rd at 1351. It would be illogical
for this court to determine herein that SACU injured appellants by accepting from the
receiver the same money that this court previously determined was properly turned
over to the receiver under the trial court’s order because they were “actually in Ali’s
possession or subject to Ali’s control.” 

          We conclude that “law of the case” doctrine forecloses our reconsideration of
this same issue. See Briscoe, 102 S.W.3d at 716 (recognizing that application of “law
of the case” doctrine lies within the discretion of the court, depending upon the
circumstances surrounding each case). We hold that the trial court did not err by
granting summary judgment in favor of SACU. See Tex. R. Civ. P. 166a(c); KPMG
Peat Marwick, 988 S.W.2d at 748.

          Accordingly, we overrule appellants’ sole issue.

ConclusionWe affirm the judgment of the trial court.

 








                                                             Laura Carter Higley 

                                                             Justice

 
Panel consists of Justices Jennings, Keyes, and Higley.