

NUMBER 13-15-00569-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JUAN ELIGIO GARCIA ADAMES,                                          Appellant,

v.

STATE OF TEXAS,                                                              Appellee.

On appeal from the 398th District Court
of Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez, Justices Benavides, and Longoria
Memorandum Opinion by Justice Longoria**

Appellant Juan Eligio Garcia Adames appeals his conviction by a jury for the
offense of capital murder. *See* TEX. PENAL CODE ANN. §§ 19.02(b)(1), 19.03(a)(2) (West,
Westlaw through 2017 1st C.S.).  Because the State did not seek the death penalty,
appellant received an automatic life sentence in the Texas Department of Criminal

Justice—Institutional Division, without parole. *See id.* § 12.31(a) (West, Westlaw through 2017 1st C.S.).

By fourteen issues appellant contends that: (1) the trial court abused its discretion in denying his pretrial motion to dismiss; (2) the Double Jeopardy Clause of the Fifth Amendment was violated when he was retried for capital murder as a primary actor; (3) the doctrine of collateral estoppel in the Double Jeopardy Clause of the Fifth Amendment guaranteed by the Due Process Clause of the Fourteenth Amendment was violated when he was retried for capital murder as a primary actor; (4) the doctrine of double jeopardy issue preclusion was violated when he was retried for capital murder as a primary actor; (5) the doctrine of the law of the case was violated when the trial court included capital murder as a primary actor in its jury charge; (6) the mandate doctrine was violated when he was retried for capital murder as a primary actor; (7–11 and 14) there was jury charge error; and (12–13) he received ineffective assistance of counsel. We affirm.

## I. PROCEDURAL HISTORY

### A. First Appeal

In December 2006, a jury convicted appellant of the capital murder of Ann Marie Garcia. On direct appeal, this Court found that the evidence was legally insufficient to convict appellant as the primary actor of the murder because all of the evidence established that co-defendant Luis Carlos Mares killed Ann Marie Garcia, but that the evidence was legally sufficient to support a conviction as a party to the crime. *Adames v. State*, No. 13-07-303-CR, 2010 WL 2862604, at *7–8 (Tex. App.—Corpus Christi July 22, 2010) *aff'd*, 353 S.W.3d 854 (Tex. Crim. App. 2011). In that opinion we reversed and remanded because the jury charge allowed for appellant's conviction as a party to the

2

kidnapping but not as a party to Garcia's murder. *Id.* at *8–9. Appellant thereafter filed a petition for discretionary review in the Texas Court of Criminal Appeals claiming entitlement to rendition of judgment of acquittal for alleged evidentiary insufficiency, challenging this Court's judgment finding sufficient evidence as to his culpability as a party. *See Adames*, 353 S.W.3d at 854. The Texas Court of Criminal Appeals granted discretionary review and affirmed our disposition of the case:

> The court of appeals applied the proper standard in conducting its evidentiary-sufficiency review and correctly found that the evidence was legally insufficient to support [Adames's] conviction as a primary actor, but legally sufficient to support his conviction as a party.

*Id.* at 861.

## B. Writ of Habeas Corpus

Following the Texas Court of Criminal Appeals' ruling, the State initiated proceedings to retry appellant for capital murder. As a pre-trial matter, appellant filed a petition for writ of habeas corpus with the trial court in which he argued that a retrial would violate his state and federal protections against double jeopardy. The trial court denied appellant's petition, and he appealed the denial. This Court reviewed his appeal and affirmed the trial court's ruling, stating that double jeopardy does not attach in a case in which a conviction was overturned because of error in the charge presented to the jury. *See Ex parte Adames*, No. 13-12-00600-CR, 2013 WL 2380907, at *3 (Tex. App.—Corpus Christi May 30, 2013, no pet.) (mem. op., not designated for publication).

## C. Current Proceeding

In August 2015, appellant's second trial was held. The jury found appellant guilty of capital murder and sentenced him to life imprisonment. This appeal followed.

## II. STATE AND FEDERAL CONSTITUTIONAL PROTECTIONS

By his first six issues, appellant argues that his state and federal constitutional protections were violated when he was retried for capital murder as a primary actor. As a preliminary matter, we note that appellant's arguments in this appeal are very similar to those from his prior appeal of the denial of his writ of habeas corpus.[1] "Under the law of the case doctrine, an appellate court's resolution of a question of law in a previous appeal of the same case will govern the disposition of the same issue when raised in a subsequent appeal." *Zavala v. State*, 956 S.W.2d 715, 718 (Tex. App.—Corpus Christi 1997, no pet.); *see also Ware v. State*, 736 S.W.2d 700, 701 (Tex. Crim. App. 1987) ("[W]hen the facts and legal issues in a case on appeal are virtually identical with those in a previous appeal in which the legal issues were resolved[,] then logic and reason dictate that the appeals be viewed as the same case."). However, the reconsideration or further consideration of an issue on a second appeal is a matter of discretion. *See Ex parte Granger*, 850 S.W.2d 513, 516 (Tex. Crim. App. 1993); *Peden v. State*, 917 S.W.2d 941, 956 (Tex. App.—Fort Worth 1996, pet. ref'd).

## A. Double Jeopardy

The Fifth Amendment prohibition against double jeopardy protects against: "1) a second prosecution for the same offense after acquittal; 2) a second prosecution for the same offense after conviction; and 3) multiple punishments for the same offense." *Weinn v. State*, 326 S.W.3d 189, 192 (Tex. Crim. App. 2010) (*citing Brown v. Ohio*, 432 U.S. 161, 165 (1977)); *Stephens v. State*, 806 S.W.2d 812, 816 (Tex. Crim. App. 1990) (en banc). "Conceptually, the State and Federal double jeopardy provisions are identical."

---

[1] As with his petition for writ of habeas corpus, appellant's motion to dismiss was also brought on grounds of double jeopardy.

*Stephens*, 806 S.W.2d at 815; *see Ex parte Busby*, 921 S.W.2d 389, 392 (Tex. App.—Austin 1996, pet. ref'd).

> This Court has already addressed this issue:

> When a trial proceeds to a verdict and the conviction is reversed on appeal "retrial is not automatically jeopardy-barred" unless the conviction was reversed for insufficiency of the evidence. When a case is reversed because of trial error, "double jeopardy does not attach." This rule applies when a conviction is overturned on appeal because of error in the jury charge.

> . . .

> As we have already stated above, we overturned appellant's conviction because of error in the jury charge and we expressly overruled appellant's insufficiency issues. The court of criminal appeals confirmed our holding. When a conviction is overturned on appeal because of error in charge presented to the jury, double jeopardy does not attach.

*Ex parte Adames*, 2013 WL 2380907, at *2–3 (citations omitted). Having already held that appellant's conviction as a primary actor in his first trial was reversed as a result of trial error, we again conclude that double jeopardy does not attach. *See id.*; *see Burks v. United States*, 437 U.S. 1, 16 (1978) (holding that the Double Jeopardy Clause "does not bar retrial of a defendant whose conviction was set aside because of an error in the proceedings leading to conviction."). Appellant's first and second issues are overruled.

## B.     Collateral Estoppel

The doctrine of collateral estoppel is embodied within the Double Jeopardy Clause of the Fifth Amendment, which is applicable to the states through the Fourteenth Amendment. *Murphy v. State*, 239 S.W.3d 791, 794 (Tex. Crim. App. 2007) (citing *Ashe v. Swenson*, 397 U.S. 436, 445, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); U.S. CONST. amend. V, XIV). While double jeopardy protects a defendant against a subsequent

prosecution for an offense for which the defendant has been acquitted, collateral estoppel deals only with relitigation of specific fact determinations. *Id*.

"Collateral estoppel means 'that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit relating to the same event or situation.'" *Id*. (quoting *Ashe*, 397 U.S. at 443, 90 S.Ct. 1189). A collateral estoppel analysis consists of two questions: (1) Has a fact issue already been determined, adversely to the State, in a valid and final judgment between the same parties? and (2) Is the State now trying to relitigate that same fact issue? *Ex parte Tarver*, 725 S.W.2d 195, 199 (Tex. Crim. App. 1986).

Thus, for collateral estoppel to apply on a constitutional basis, jeopardy must have attached or there must have been the equivalent of criminal punishment in the first proceeding. *State v. Rodriguez*, 11 S.W.3d 314, 317–19 (Tex. App.—Eastland 1999, no pet.); *see also State v. Smiley*, 943 S.W.2d 156, 158 (Tex. App.—Amarillo 1997, no pet.) (holding that collateral estoppel is a subset of double jeopardy and has no application unless claimant previously placed in jeopardy); *Nichols v. Scott,* 69 F.3d 1255, 1269–70 (5th Cir. 1995) (finding no due process basis, independent of the Double Jeopardy Clause, for the application of collateral estoppel); *Showery v. Samaniego*, 814 F.2d 200, 203 (5th Cir. 1987) (explaining that collateral estoppel applies insofar as it is necessary to safeguard against the risk of double jeopardy). As we have already noted, jeopardy did not attach as appellant's original conviction was reversed on trial error grounds, invalidating the final judgment of the trial court. *See Adames*, 353 S.W.3d at 863. Appellant's third and fourth issues are overruled.

## C. Law of the Case and Mandate Doctrine

The "law of the case" doctrine provides that an appellate court's resolution of a question of law in a previous appeal of the same case will govern the disposition of the same issue should there be another appeal. *Ware v. State*, 736 S.W.2d 700, 701 (Tex. Crim. App. 1987) (refusing to review for the second time the evidence offered at a suppression hearing). The public policy behind the application of the "law of the case" doctrine is to prevent useless relitigation of issues already decided and to promote judicial economy. *See LeBlanc v. State*, 826 S.W.2d 640, 644 (Tex. App.—Houston [14th Dist.] 1992, pet. ref'd).

Appellant argues in his fifth point of error that the law of the case doctrine was violated when he "was again tried for capital murder as a primary actor after the court of criminal appeals approved this court of appeals' prior holding that no evidence existed to convict [him] as a primary actor at the first trial by jury." Appellant's argument is misplaced. As we have previously stated, this Court's reversal was not based on insufficient evidence, but rather on trial error. "The State may retry a defendant after a successful appeal because the 'original conviction has, at the defendant's behest, been wholly nullified and the slate wiped clean.'" *Ex parte Fortune*, 797 S.W.2d 929, 936 (Tex. Crim. App. 1990) (citing *North Carolina v. Pearce*, 395 U.S. 711, 721 (1969)). The jury charge error caused this Court to reverse appellant's first conviction and wipe the slate clean.

> In short, reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. As such, it implies nothing with respect to the guilt or innocence of the defendant. Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect, e.g., incorrect receipt or rejection of evidence, *incorrect instructions*, or prosecutorial misconduct. When this occurs, the accused has a strong interest in

7

obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished.

*Burks*, 437 U.S. 1, 18 (1978) (emphasis added). Appellant's approach to this issue is simply another way of arguing that he is being retried for the same crime for which appellate courts have already determined the evidence produced at trial was insufficient. This Court expressly overruled appellant's insufficiency issues in his first appeal, and the court of criminal appeals affirmed our holding. *Adames*, 353 S.W.3d at 862–63. Appellant's fifth issue is overruled.

Appellant also contends that the trial court erred by violating the mandate doctrine when it "disregarded the letter and the spirit" of the court of criminal appeals' affirmation of our opinion in his first conviction appeal. Again, appellant's argument is misplaced. The mandate of the court of criminal appeals was to reverse and remand the case to the trial court due to trial error. Because appellant's conviction was reversed only on the grounds of incorrect jury instructions, no bar exists to further prosecution of the same charge. *See Burks*, 437 U.S. at 15. Appellant's sixth issue is overruled.

### III. CHARGE ERROR

In his seventh through eleventh and fourteenth points of error, appellant argues that the trial court's jury charge was erroneous. Specifically, issues seven through eleven are based on appellant's argument that the charge should not have contained the primary actor criminal theory of liability because he should not have been retried for capital murder as a primary actor based on the principles of double jeopardy, collateral estoppel, law of the case doctrine, and the mandate doctrine. Having already overruled appellant's arguments on each of these grounds, we cannot conclude the charge was erroneous for

8

the inclusion of capital murder as a primary actor on the bases raised by appellant. Therefore, appellant's issues seven through eleven are overruled.

In issue fourteen, appellant argues the charge was fundamentally erroneous because "it failed to make a finding as to whether Mares caused Ann Marie Garcia's death or that her death occurred."

## A. Standard of Review

We review a claim of jury charge error through a two-step process. *Phillips v. State*, 463 S.W.3d 59, 64–65 (Tex. Crim. App. 2015). We first determine whether there was error in the charge and, if so, whether that error was harmful. *Id.* Preservation of error becomes an issue in the second step because it determines the degree of harm required for reversal. *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013). If error was preserved, we must reverse if the record shows the defendant suffered "some harm" as a result of it. *Id*. When an appellant alleges error in the jury charge but the alleged error was not objected to at trial, as here, we will reverse only if we find error causing egregious harm. *Nava v. State*, 415 S.W.3d 289, 298 (Tex. Crim. App. 2013) (citing *Almanza v. State*, 686 S.W.2d 157,171 (Tex. Crim. App. 1985) (op. on reh'g)).

Egregious harm will be found only if the error deprived the defendant of a fair and impartial trial. *Id*. The record must disclose actual rather than theoretical harm, and the error must have affected the very basis of the case, deprived the defendant of a valuable right, or vitally affected a defensive theory. *Id*. In reviewing for egregious harm, we consider "the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Almanza*, 686 S.W.2d at 171.

9

**B. Applicable Law and Relevant Facts**

The application paragraph of a jury charge tells the jury under what circumstances it can find the defendant guilty. *McFarland v. State*, 928 S.W.2d 482, 515 (Tex. Crim. App. 1996) *overruled on other grounds by Mosley v. State*, 983 S.W.2d 249 (Tex. Crim. App. 1998). Here, the charge's application paragraphs included the option of finding guilt under the law of parties. The trial court's charge read:

> If you find from the evidence beyond a reasonable doubt that on or about OCTOBER 23, 2003, in Hidalgo County, Texas, LUIS CARLOS MARES, and the Defendant, JUAN ELIGIO GARCIA ADAMES, then and there knew of the intent, if any, of the said LUIS CARLOS MARES to cause the death of an individual, namely, ANN MARIE GARCIA, by strangulation, and the LUIS CARLOS MARES was then and there in the course of committing or attempting to commit the offense of Aggravated Kidnapping, and the Defendant, acting with the intent to promote or assist the commission of Capital Murder, solicited, encouraged, directed, aided or attempted to aid LUIS CARLOS MARES in the commission of the Capital Murder by injecting the said ANN MARIE GARCIA with heroin or driving the vehicle while LUIS CARLOS MARES strangled the said ANN MARIE GARCIA with a shoe lace, then you will find the Defendant guilty of the offense of CAPITAL MURDER as charged in the indictment.

Under the law of parties, a person may be criminally responsible for the murder committed by another person if "acting with intent to promote or assist" the murder, "he solicits, encourages, directs, aids, or attempts to aid the other person" to commit the murder. *See* TEX. PEN. CODE ANN. § 7.02(a)(2) (West, Westlaw 2017 through 1st C.S.).

**C. Analysis**

Appellant contends that the trial court's charge "fails to require the jury to find that Luis Carlos Mares committed the 'essential elements of the murder offense'" and "fails to provide the jury with a party law instruction regarding 'essential elements of the murder offense.'" Specifically, appellant contends that the charge does not require the jury to find that Mares's conduct caused the death of the victim, nor does it require that the jury find

10

that the victim's death occurred. Appellant argues that "The application of party law in the application paragraph only applies to aggravated kidnapping and to Mr. Adames knowledge of and his aiding of Mares's intent to cause the death of ANN MARIE GARCIA by driving the vehicle or injecting heroin, but not to her actual murder." We disagree.

The language of the application paragraph clearly authorizes conviction of appellant as a party to capital murder, specifically referencing the manner in which Mares allegedly caused the death of Garcia by strangulation. A plain reading of the paragraph explains that the jury is authorized to find appellant guilty as a party only if they find that he was "acting with the intent to promote or assist the commission of Capital Murder." Furthermore, the paragraph specifically calls for the jury to determine whether the appellant "solicited, encouraged, directed, aided or attempted to aid LUIS CARLOS MARES in the commission of the Capital Murder by injecting the said ANN MARIE GARCIA with heroin or driving the vehicle while LUIS CARLOS MARES strangled the said ANN MARIE GARCIA with a shoe lace." The application paragraph addresses the elements of capital murder as a party, the death of the victim by strangulation, and the actor as Luis Carlos Mares. Finding no error in the jury charge, we conclude that the instruction did not deprive appellant of a fair and impartial trial. We overrule appellant's fourteenth issue.

## IV.    INEFFECTIVE ASSISTANCE OF COUNSEL

In issues twelve and thirteen, appellant argues that he received ineffective assistance of counsel. Specifically, he argues that his defense counsel was deficient by failing to object to the jury charge's inclusion of the primary actor theory of criminal liability

11

and by failing to object to Mares's testimony relating to the primary actor theory of criminal liability because the primary actor theory of liability was barred by double jeopardy.

## A. Standard of Review

We evaluate claims that counsel was ineffective under the standard articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To obtain reversal under *Strickland* requires a defendant to show both (1) that his counsel performed deficiently and (2) that the deficient performance prejudiced the defendant's case. *Id.* Deficient performance means that counsel's errors were so serious that he was not functioning "within the range of competence demanded of attorneys in criminal cases as reflected by prevailing professional norms." *Nava*, 415 S.W.3d at 307. Prejudice means that there is a "reasonable probability" that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Ex parte Napper*, 322 S.W.3d 202, 248 (Tex. Crim. App. 2010) (internal quotation marks omitted).

We indulge a strong presumption that counsel's challenged actions were not deficient but the result of sound trial strategy. *Nava*, 415 S.W.3d at 307–08. The appellant has the burden to show the contrary by the preponderance of the evidence. *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). If the record does not contain counsel's explanation for his challenged actions, we will not find deficient performance unless the challenged conduct "was so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (internal quotation marks omitted). In other words, we will "assume a strategic motivation if any can possibly be imagined." *Ex parte Miller*, 330 S.W.3d 610, 616 n. 9 (Tex. Crim. App. 2009).

Regarding the prejudice prong, a "reasonable probability" is one that that is sufficient to undermine confidence in the outcome. *Id.* A "reasonable probability" is not the same as a preponderance of the evidence because "[t]he result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome." *Strickland*, 466 U.S. at 694.

## B. Applicable Law and Analysis

Both of appellant's ineffective assistance of counsel claims rely on his argument that he should not have been retried as a primary actor in the capital murder. First, he argues that his attorney should have objected to the trial court's charge that contained the primary actor theory of criminal liability because it was a violation of double jeopardy, and second, he argues his attorney should have objected to testimony related to the theory that he was a primary actor because it was irrelevant on the same grounds. As we have already discussed above, there was no bar to relitigation on the primary actor theory of criminal liability.

The State was not barred from presenting evidence and pursuing a theory of criminal liability that appellant was the primary actor. *See Burks*, 437 U.S. at 16. Therefore, appellant's trial counsel did not render ineffective assistance in failing to object to the inclusion of the primary actor theory of criminal liability in the jury charge when he reasonably could have determined that the instructions were applicable to the case. *See generally Hardin v. State*, 951 S.W.2d 208, 211 (Tex. App.—Houston [14th Dist.] 1997, no pet.) (rejecting appellant's claim for ineffective assistance when trial counsel failed to request article 38.23 instruction when appellant was not entitled to instruction); *see Ex*

*parte Chandler*, 182 S.W.3d 350, 356 (Tex. Crim. App. 2005) ("[A] reasonably competent counsel need not perform a useless or futile act, such as requesting a jury instruction to which the defendant is not legally entitled or for which the defendant has not offered legally sufficient evidence to establish. Requesting a jury instruction to which one is not legally entitled, merely for the sake of making the request, is not the benchmark for a competent attorney.") (footnote omitted). Appellant's twelfth issue is overruled.

Appellant argues that the testimony of Mares was irrelevant insofar as it discussed the theory of criminal liability as a primary actor. Again, appellant relies on his argument that double jeopardy prevented him from being retried as a primary actor. Appellant argues that Mares's testimony went against the holding in his first appeal, both by this Court and the court of criminal appeals. As we have already stated, the State was not barred from presenting evidence and pursuing a theory of criminal liability that appellant was the primary actor. *See Burks*, 437 U.S. at 16. Again, counsel cannot be held to be deficient where he reasonably could have determined the testimony was relevant and his objection would be overruled. *See Chandler*, 182 S.W.3d at 356. Appellant's thirteenth issue is overruled.

## V. CONCLUSION

We affirm the judgment of the trial court.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
18th day of October, 2018.