Anthony POLK, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–95–00120–CR.

Court of Appeals of Texas, Tyler.

April 30, 1996.

Mark Cargill, Palestine, for appellant.

Bill Curley, Dallas, for appellee.

HOLCOMB, Justice.

Appellant appeals his conviction of the felony offense of aggravated robbery with a deadly weapon. Appellant pleaded not guilty. On February 15, 1995, a jury convicted Appellant of the charged offense. On February 16, 1995, the jury assessed Appellant's punishment at 20 years' incarceration in the Texas Department of Criminal Justice–Institutional Division and a $1000 fine. Appellant complains of errors in the jury selection and the punishment phase closing argument. We will affirm.

 In his first point of error, Appellant alleges that the trial court erred by denying Appellant's motion for mistrial because the venire was exposed to venireperson Todd's remark that Appellant had prior arrests. We disagree.

During *voir dire*, the State asked venire members if they knew Appellant. Several people responded affirmatively, and the State began questioning each responding person about the nature of his or her acquaintance with Appellant. The State asked venireperson, Pete Todd, how he knew Appellant, to which Todd replied, "through prior arrests." Out of the presence of the jury, Appellant objected and moved for a mistrial. The trial court denied the motion for mistrial and instructed the jury to disregard Todd's statement.

 The conduct of *voir dire* examination rests within the sound discretion of the trial court. *Clark v. State*, 608 S.W.2d 667, 669 (Tex.Cr.App.1980). A reviewing court will reverse the trial court only upon a showing that the trial court abused its discretion. *Id.* Absent a showing that selected jurors heard a prejudicial remark regarding a defendant, the defendant has failed to demonstrate harm requiring reversal. *Nelson v. State*, 881 S.W.2d 97, 101 (Tex.App.—Houston [1st Dist.] 1994, pet. ref'd). In *Nelson*, the statement of facts did not show that any of the actual jurors heard a complained-of prejudicial remark. *Id.* During *voir dire*, several venirepersons indicated that they heard the offending remark. However, none of these persons was selected on the jury panel.

In the present case, there was no evidence that any of the jurors who were selected heard or were prejudiced by Todd's remark. In response to a question by the State, venireman Todd stated that he knew Appellant from prior arrests. The statement of facts shows that four venirepersons heard Todd's remark or stated that such remark would influence them. However, neither Todd nor any of the four persons were selected on the jury. There is no evidence in the record that any of the jury members selected, heard or were influenced by Todd's response. Absent evidence that members of the jury which was selected heard Todd's statement, Todd's remark did not harm Appellant. Having determined that the trial court did not err in refusing to declare a mistrial, we overrule Appellant's first point of error.

 In his second point of error, Appellant complains that the trial court erred in denying his motion to quash the jury panel.

At trial, Appellant objected that the State's exercise of its peremptory strikes was racially motivated and violated *Batson v. Kentucky*.[1] We disagree.

At the close of *voir dire*, Appellant moved to quash the jury panel, arguing that the State had exercised its peremptory challenges in a racially discriminatory manner. Appellant attempted to make a *prima facie* showing of discrimination by offering evidence that there were five black venirepersons in the strike zone, and that the State exercised peremptory strikes on four black panel members. Appellant complained that the State struck potential juror, Almeda Asberry, because she was black. The trial court did not specifically find that Appellant made a *prima facie* showing of discrimination, but required the State to proffer race-neutral reasons for the exercise of its strikes. The State's attorney testified that he struck Asberry because she knew Appellant's alibi witness, Kim Ewell. The statement of facts reveals that other venirepersons knew Ewell, but the State did not strike all venirepersons who were acquainted with Ewell. The trial court found the State did not exercise its peremptory challenges in a racially discriminatory manner and denied Appellant's motion to quash the jury panel.

■■■■ In order to challenge the State's exercise of its peremptory strikes as being racially discriminatory, a defendant must initially make a *prima facie* showing that the State exercised its strikes based on race. *Batson*, 476 U.S. 79, 96–98, 106 S.Ct. 1712, 1722–24. The burden then shifts to the State to articulate race-neutral reasons for its strikes. *Id.* Thereafter, the defendant has an opportunity to rebut the State's explanations. *Id.* Finally, the trial court must determine whether the defendant has carried his burden of proving purposeful racial discrimination by the State. *Id.* A reviewing court cannot automatically impute discriminatory intent in every situation where one of the State's reasons for striking a venireperson would technically apply to another venireperson. *Adanandus v. State*, 866 S.W.2d 210, 224–25 (Tex.Cr.App.1993), *cert. denied*, 510 U.S. 1215, 114 S.Ct. 1338, 127 L.Ed.2d

686 (1994); *Cantu v. State*, 842 S.W.2d 667, 689 (Tex.Cr.App.1992), *cert. denied*, 509 U.S. 926, 113 S.Ct. 3046, 125 L.Ed.2d 731 (1993). The State's use of peremptory challenges is not susceptible to rigid qualification. *Cantu*, 842 S.W.2d at 669.

■■■■ An appellate court reviews the record of the *Batson* hearing and the *voir dire* examination in the light most favorable to the trial court's ruling. *Cantu*, 842 S.W.2d at 689; *Harris v. State*, 827 S.W.2d 949, 955 (Tex.Cr.App.), *cert. denied*, 506 U.S. 942, 113 S.Ct. 381, 121 L.Ed.2d 292 (1992); *Williams v. State*, 804 S.W.2d 95, 101 (Tex. Cr.App.), *cert. denied*, 501 U.S. 1239, 111 S.Ct. 2875, 115 L.Ed.2d 1038 (1991). A reviewing court will not disturb a trial court's ruling that the State exercised its strikes in a racially neutral manner unless such ruling is clearly erroneous. *Cantu*, 842 S.W.2d at 689. On review, we must accord great deference to the trial judge who was present to assess the credibility of the prosecutor and his proffered explanations. *Salazar v. State*, 818 S.W.2d 405, 408 (Tex.Cr.App.1991).

Because the State offered a legitimate race-neutral explanation for the exercise of its strike of Almeda Asberry, the trial judge's denial of Appellant's motion to quash the jury panel was not clearly erroneous. The State struck Asberry for a racially neutral reason. Under *Batson*, the State was not required to strike every venireperson that knew Kim Ewell. The fact that other acceptable jurors possessed similar attributes is not sufficient to establish disparate treatment. Because the trial court's ruling was not clearly erroneous, we overrule Appellant's second point of error.

In Appellant's third point of error, he argues that the State's closing argument during the punishment phase injected new facts into the proceeding, and that the trial court erred in overruling Appellant's objections to such argument. Because we determine that the evidence supported the State's argument, we disagree and will overrule Appellant's third point of error.

1. 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

Appellant was found guilty by the jury. On the following day, the court conducted the punishment phase of the trial. During closing argument in the punishment phase, the State's attorney said:

In this case you have where Mr. Polk breaks in somebody's house and he not only holds a man and a woman at gunpoint, but a seven-year old and a ten-year old at gunpoint. Puts a gun to their head.

Appellant objected to the State's argument on the ground that such statement was not supported by the evidence. Appellant contends that there was only evidence of Appellant holding a gun to the adults' heads and not to the children's heads.

The State continued:

Puts a gun to their head and let's them know, hey, buddy, you know, you're about that far away from being executed. What did he tell them? Get your brains blown out on the floor. Isn't that a pretty picture?

Appellant again objected on the ground that there was no evidence to support the State's argument that Appellant had made any statement to the children. The trial court overruled Appellant's objections complaining of the State's argument.

 The four permissible types of jury argument are (1) summation of the evidence, (2) reasonable deduction from the evidence, (3) answers to arguments of opposing counsel, and (4) pleas for law enforcement. *McKay v. State*, 707 S.W.2d 23, 26 (Tex.Cr. App.1985); *Moranza v. State*, 913 S.W.2d 718, 730 (Tex.App.—Waco 1995, n.w.h.). "To rise to the level of reversible error, jury argument must be extreme, manifestly improper, or inject new and harmful facts into evidence when viewed in the light of the record as a whole." *McDonald v. State*, 911 S.W.2d 798, 804 (Tex.Cr.App.1995).

■ The record reveals that the State's jury argument, although somewhat imprecise, did not inject new or harmful facts into the trial. The State's attorney recounted that Appellant held a man, woman, and two children at gunpoint. Appellant objected on the grounds that such argument was improper because "no facts have shown that the gun was put to the head of any child." Being held "at gunpoint" is not necessarily synonymous with having a gun held to one's head. Therefore, the State's argument that all four persons were held at gunpoint did not inject new or harmful facts into the trial.

■ Appellant further complains of the State's comment, "[w]hat did he tell them? Get your brains blown out on the floor." Appellant argues that this statement was impermissible because there is no evidence in the record that Appellant ever spoke directly to the children. The State's reference to "them" was imprecise and could have meant any group of the four persons in the room during the commission of the crime. There is evidence that Appellant made such statement to the man and woman. We hold that the evidence supported the argument of State's counsel, and, therefore, overrule Appellant's third point of error.

Having found no reversible error, we **affirm** the judgment of the trial court.