⊕ Positive

As of: September 27, 2017 1:36 AM Z

# *Weinn v. State*

Court of Criminal Appeals of Texas

June 30, 2010, Delivered

NO. PD-0338-09



## Reporter

326 S.W.3d 189 *; 2010 Tex. Crim. App. LEXIS 793 **

CORBETT K. WEINN, Appellant v. THE STATE OF TEXAS

**Notice:** PUBLISH

**Subsequent History:** Motion for rehearing on petition for discretionary review denied by *In re Weinn, 2010 Tex. Crim. App. LEXIS 1062 (Tex. Crim. App., Sept. 15, 2010)*

**Prior History:** [**1] ON STATE'S PETITION FOR DISCRETIONARY REVIEW FROM THE SEVENTH COURT OF APPEALS, LUBBOCK COUNTY.

*Weinn v. State, 281 S.W.3d 633, 2009 Tex. App. LEXIS 1015 (Tex. App. Amarillo, 2009)*

## Core Terms

manufacture, deliver, methamphetamine, offenses, quantity, controlled substance, punished, double-jeopardy, possessing, convictions, grams, simultaneous, continuum, drugs, legislative intent, same offense, Jeopardy, delivery, multiple punishment, double jeopardy, requires proof, plurality, appeals, batches

## Case Summary

### Procedural Posture

The State of Texas sought review of an order from the Seventh Court of Appeals, Lubbock County (Texas), which vacated defendant's conviction for manufacture of methamphetamine.

### Overview

Defendant pled nolo contendere to possession with intent to deliver and guilty to manufacture of methamphetamine, both in an amount less than 400

grams, but at least 200 grams. He was sentenced to 30 years in prison for each offense, with the sentences to run concurrently. The court of appeals vacated the manufacturing conviction and upheld the possession conviction. On review, the court found that the Texas Legislature intended that manufacture and simultaneous possession with intent to deliver of the same single quantity of a controlled substance constitute a single offense. Punishing defendant twice for the same offense violated his constitutional rights against double jeopardy. The Legislature intended that *Tex. Health & Safety Code Ann. § 481.112* establish alternative means of punishing an offense in the continuum of drug distribution. A single act, simultaneous manufacture and resulting possession with intent to deliver, with respect to a single quantity of methamphetamine constituted a single violation of *§ 481.112*.

### Outcome

The court affirmed the judgment of the court of appeals.

## LexisNexis® Headnotes

Criminal Law & Procedure > ... > Controlled Substances > Manufacture > General Overview

Criminal Law & Procedure > ... > Possession > Intent to Distribute > General Overview

*HN1*[⤓] **Controlled Substances, Manufacture**

The Texas Legislature intends that manufacture and simultaneous possession with intent to deliver of the same single quantity of a controlled substance constitute a single offense.

Robert Rodery

Page 2 of 7

326 S.W.3d 189, *189; 2010 Tex. Crim. App. LEXIS 793, **1

Constitutional Law > ... > Fundamental Rights > Procedural Due Process > Double Jeopardy

Criminal Law & Procedure > ... > Double Jeopardy > Double Jeopardy Protection > General Overview

HN2[⬇] **Procedural Due Process, Double Jeopardy**

The Double Jeopardy Clause in the *Fifth Amendment to the United States Constitution* provides that no person shall be subject for the same offense to be twice put in jeopardy of life or limb. *U.S. Const. amend. V.* It protects an accused against: 1) a second prosecution for the same offense after acquittal; 2) a second prosecution for the same offense after conviction; and 3) multiple punishments for the same offense.

Criminal Law & Procedure > Criminal Offenses > Lesser Included Offenses > General Overview

Criminal Law & Procedure > ... > Double Jeopardy > Double Jeopardy Protection > Multiple Punishments

HN3[⬇] **Criminal Offenses, Lesser Included Offenses**

A claim of multiple punishments may be valid if one offense is a lesser-included offense of the other and the same conduct is punished twice or if the same criminal act is punished under two distinct statutes when the legislature intended the conduct to be punished under either statute, but not both.

Criminal Law & Procedure > ... > Double Jeopardy > Double Jeopardy Protection > Multiple Punishments

Criminal Law & Procedure > ... > Double Jeopardy > Double Jeopardy Protection > Tests for Double Jeopardy Protection

HN4[⬇] **Double Jeopardy Protection, Multiple Punishments**

To determine whether there have been multiple punishments for the same offense, a court begins with the "same elements" test from Blockburger. Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not. The Blockburger test is the starting point in the analysis of a multiple-punishments double-jeopardy claim.

Criminal Law & Procedure > ... > Double Jeopardy > Double Jeopardy Protection > Tests for Double Jeopardy Protection

HN5[⬇] **Double Jeopardy Protection, Tests for Double Jeopardy Protection**

Under the Blockburger test, two offenses are not the same if one requires proof of an element that the other does not. The analysis in Blockburger is based upon the face of the statute at issue. But in Texas, when resolving whether two crimes are the same for double-jeopardy purposes, a court focuses on the elements alleged in the charging instrument.

Criminal Law & Procedure > ... > Double Jeopardy > Double Jeopardy Protection > Multiple Punishments

Governments > Legislation > Interpretation

Criminal Law & Procedure > ... > Double Jeopardy > Double Jeopardy Protection > Tests for Double Jeopardy Protection

HN6[⬇] **Double Jeopardy Protection, Multiple Punishments**

Application of Blockburger does not serve to negate otherwise clearly expressed legislative intent. In the multiple-punishments context, the Blockburger test is no more than a rule of statutory construction, useful in determining legislative intent as to the scope of punishment where the intent is not otherwise manifested, and does not operate to trump clearly expressed legislative intent.

Robert Rodery

Page 3 of 7

326 S.W.3d 189, *189; 2010 Tex. Crim. App. LEXIS 793, **1

Criminal Law & Procedure > ... > Double Jeopardy > Double Jeopardy Protection > Multiple Punishments

Criminal Law & Procedure > ... > Double Jeopardy > Double Jeopardy Protection > Tests for Double Jeopardy Protection

HN7[⬇] **Double Jeopardy Protection, Multiple Punishments**

There is a non-exclusive list of factors to consider when examining if two offenses are the same in the context of multiple punishment. The factors include: 1) whether the offenses are in the same statutory section; 2) whether the offenses are phrased in the alternative; 3) whether the offenses are named similarly; 4) whether the offenses have common punishment ranges; 5) whether the offenses have a common focus; 6) whether the common focus tends to indicate a single instance of conduct; 7) whether the elements that differ between the two offenses can be considered the same under an imputed theory of liability that would result in the offenses being considered the same under Blockburger; and 8) whether there is legislative history containing an articulation of an intent to treat offenses as the same for double-jeopardy purposes. The common-focus factor includes whether the gravamens of the offenses are the same.

Criminal Law & Procedure > ... > Controlled Substances > Delivery, Distribution & Sale > General Overview

Criminal Law & Procedure > ... > Controlled Substances > Manufacture > General Overview

Criminal Law & Procedure > ... > Possession > Intent to Distribute > General Overview

HN8[⬇] **Controlled Substances, Delivery, Distribution & Sale**

Manufacturing, possessing with intent to deliver, and delivering are all points along the spectrum of the offense of drug trafficking.

Criminal Law & Procedure > ... > Possession > Intent to Distribute > General Overview

Criminal Law & Procedure > ... > Controlled Substances > Manufacture > General Overview

HN9[⬇] **Possession, Intent to Distribute**

The Texas Legislature intends that *Tex. Health & Safety Code Ann. § 481.112* establish alternative means of punishing an offense in the continuum of drug distribution. Manufacturing and possession with intent to deliver both create the singular danger that controlled substances will be distributed to society. Therefore, a single act, simultaneous manufacture and resulting possession with intent to deliver, with respect to a single quantity of controlled substances constitutes a single violation of *§ 481.112*.

Criminal Law & Procedure > ... > Possession > Simple Possession > General Overview

Criminal Law & Procedure > ... > Controlled Substances > Delivery, Distribution & Sale > General Overview

Criminal Law & Procedure > ... > Controlled Substances > Manufacture > General Overview

HN10[⬇] **Possession, Simple Possession**

While one cannot manufacture a controlled substance without simultaneously possessing it, this is not true of delivery of the same single quantity of the controlled substance; one can possess without delivering.

**Judges:** JOHNSON, J., delivered the opinion of the Court in which MEYERS, PRICE, WOMACK, HOLCOMB, and COCHRAN, JJ., joined. KELLER, P.J., filed a dissenting opinion in which KEASLER, and HERVEY, JJ., joined. KEASLER, J., filed a dissenting opinion in which KELLER, P.J., and HERVEY, J., joined.

**Opinion by:** JOHNSON

Page 4 of 7

326 S.W.3d 189, *189; 2010 Tex. Crim. App. LEXIS 793, **1

## Opinion

[*190] After his plea in bar on double-jeopardy grounds was overruled, appellant plead *nolo contendere* to possession with intent to deliver and guilty to manufacture of methamphetamine, both in amount less than 400 grams, but at least 200 grams. After a punishment trial, a jury assessed punishment at 30 years' imprisonment for each offense. The trial court ordered the two sentences to run concurrently.

On appeal, appellant contended that his conviction of both manufacturing and possession with intent to deliver violated the *Fifth Amendment's* prohibition against double jeopardy. *Weinn v. State, 281 S.W.3d 633, 636 [*191] (Tex. App.-Amarillo, 2009)*. The court of appeals agreed with appellant and the state (which initially conceded the issue), [**2] holding that the two charges punished appellant twice for the same offense. *Id. at 642-43*. The court of appeals vacated the conviction for manufacturing methamphetamine and affirmed the trial court with respect to the conviction for possession with intent to deliver. *Id. at 643*. The state appealed the court's order vacating of the manufacturing conviction.

We granted review of the double-jeopardy issues raised in the state's petition for discretionary review.

> 1. Can a defendant be convicted and punished for both manufacture and the subsequent delivery or possession with the intent to deliver of the same quantity of controlled substances, or does *Texas Health and Safety Code § 481.112* allow more than one "allowable unit of prosecution," i.e. one for the manufacture and one for the delivery?
> 2. Did the court of appeals err in finding that the offenses of manufacturing a controlled substance and possession with intent to deliver a controlled substance are the same for double-jeopardy purposes, even though the separate offenses are meant to punish separate dangers?

We conclude that HN1[⬆] the legislature intended that manufacture and simultaneous possession with intent to deliver of the same single [**3] quantity of controlled substances constitutes a single offense. Punishing appellant twice for the same offense would violate his constitutional rights against double jeopardy. Therefore, we affirm the court of appeals.

### Facts

The record reflects that, in response to a complaint about strange smells, sheriff's deputies approached appellant's property. They detected a strong odor of anhydrous ammonia and observed appellant put a box in the back of his pickup truck. After detaining appellant, the deputies searched the property, the house, the truck, and appellant himself. They discovered evidence of methamphetamine manufacture, including numerous empty blister packs of Sudafed, a microwave containing Sudafed residue, an anhydrous ammonia dump, lithium batteries, muriatic acid, drain cleaner, cans of Heet, 15 cans of starter fluid, a hydrogen-chloride generator, rock salt, and a single plastic jug with 224.96 grams of liquid that contained methamphetamine in one of the late stages of manufacture. They also found a bottle of a cutting agent, a razor blade, plastic baggies, including one that contained methamphetamine residue, and digital portable scales.

The state filed a three-count indictment. [**4] The first count, possession with intent to manufacture, was dismissed before trial. The state alleged in count two that appellant knowingly possessed methamphetamine, with intent to deliver. Count three alleged that appellant knowingly manufactured methamphetamine. All counts alleged an aggregate weight less than 400 grams, but at least 200 grams of methamphetamine, making each offense a first-degree felony. *TEXAS HEALTH AND SAFETY CODE § 481.112*.

### Arguments of the Parties

Appellant contends that the legislature intended to create only one allowable unit of prosecution in the circumstances presented here because the statute lists a "continuum" of offenses designed as alternative means of prosecuting a defendant for engaging in the drug-trafficking process. Furthermore, appellant contends that, even under the *Blockburger* test, appellant's conviction violates double jeopardy because he engaged in only a single act, specifically manufacture, and that possession [*192] was an inevitable result of manufacture, requiring no additional evidence to prove possession. Finally, in the event that legislative intent is unclear, the court should apply the rule of lenity to find in favor of appellant.

The state [**5] contends that each offense requires proof of different elements, thus satisfying the *Blockburger* test. Further, based on the use of the disjunctive, the distinct differences in nature and dangers of manufacturing and delivery offenses, and a legislative history of increasing intolerance for drug

Page 5 of 7

326 S.W.3d 189, *192; 2010 Tex. Crim. App. LEXIS 793, **5

crimes, the legislature intended to permit multiple convictions.

## Double Jeopardy

*HN2*[↑] The *Fifth Amendment's Double Jeopardy Clause* provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." *U.S. Constitution, Amendment V*. It protects an accused against: 1) a second prosecution for the same offense after acquittal; 2) a second prosecution for the same offense after conviction; and 3) multiple punishments for the same offense. *Brown v. Ohio, 432 U.S. 161, 165, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977)*. *HN3*[↑] A claim of multiple punishments may be valid if one offense is a lesser-included offense of the other and the same conduct is punished twice or if the same criminal act is punished under two distinct statutes when the legislature intended the conduct to be punished under either statute, but not both. *Langs v. State, 183 S.W.3d 680, 685 (Tex. Crim. App. 2006)*.

*HN4*[↑] To [**6] determine whether there have been multiple punishments for the same offense, we begin with the "same elements" test from *Blockburger v. United States, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932)*. "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Id.* The *Blockburger* test is the starting point in the analysis of a multiple-punishments double-jeopardy claim. *Bigon v. State, 252 S.W.3d 360, 370 (Tex. Crim. App. 2008)*. *HN5*[↑] "Under the *Blockburger* test, two offenses are not the same if one requires proof of an element that the other does not." *Bigon, 252 S.W.3d at 370*. The analysis in *Blockburger* is based upon the face of the statute at issue. *Blockburger, 284 U.S. at 304*. "But in Texas, when resolving whether two crimes are the same for double-jeopardy purposes, we focus on the elements alleged in the charging instrument." *Bigon, 252 S.W.3d at 370, citing Parrish v. State, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994)*.

In the present case, the two charges presented in the [**7] indictment each require proof of elements that the other does not. Clearly, possession with intent to deliver requires the proof of intent to deliver, and a conviction for manufacturing a controlled substance requires proof of manufacture. Thus, under the *Blockburger* test, there is no double-jeopardy violation.

## Legislative Intent

*HN6*[↑] "Application of *Blockburger* does not serve, however, to negate otherwise clearly expressed legislative intent." *Villanueva v. State, 227 S.W.3d 744, 747 (Tex. Crim. App. 2007)*. In the multiple-punishments context, the *Blockburger* test is no more than a rule of statutory construction, useful in determining legislative intent as to the scope of punishment where the intent is not otherwise manifested, and does not operate to "trump 'clearly expressed legislative intent.'" *Garza v. State, 213 S.W.3d 338, 351-52 (Tex. Crim. [*193] App. 2007), citing Ex parte Kopecky, 821 S.W.2d 957, 959 (Tex. Crim. App. 1992)*(quoting *Missouri v. Hunter, 459 U.S. 359, 368, 103 S. Ct. 673, 74 L. Ed. 2d 535 (1983))*.

In *Ex parte Ervin, 991 S.W.2d 804 (Tex. Crim. App. 1999)* we addressed the issue of double-jeopardy and legislative intent, and we "laid out *HN7*[↑] a non-exclusive list of factors to consider [**8] when examining if two offenses are the same in the context of multiple punishment." *Bigon v. State, 252 S.W.3d at 371*. These factors included: 1) whether offenses are in the same statutory section; 2) whether the offenses are phrased in the alternative; 3) whether the offenses are named similarly; 4) whether the offenses have common punishment ranges; 5) whether the offenses have a common focus; 6) whether the common focus tends to indicate a single instance of conduct; 7) whether the elements that differ between the two offenses can be considered the same under an imputed theory of liability that would result in the offenses being considered the same under *Blockburger*; and 8) whether there is legislative history containing an articulation of an intent to treat offenses as the same for double-jeopardy purposes. *Id. citing Ervin, 991 S.W.2d at 814*. We further explained that the common-focus factor includes whether the gravamens of the offenses are the same. *Ervin, 991 S.W.2d at 814*.

## Guerrero v. State

In *Guerrero v. State*, we applied *Blockburger* and the *Ervin* factors while addressing a closely analogous double-jeopardy case. *See Guerrero v. State, 305 S.W.3d 546 (Tex. Crim. App. 2009)*. [**9] Guerrero was in possession of three batches of methamphetamine in various stages of manufacture. *Id. at 547-48*. Two of the batches contained greater than 4 grams of methamphetamine. *Id.* Guerrero was convicted of both manufacturing and possessing with intent to deliver methamphetamine, in quantities greater than 4 grams but less than 200 grams, under *TEXAS HEALTH AND*

Page 6 of 7

326 S.W.3d 189, *193; 2010 Tex. Crim. App. LEXIS 793, **9

*SAFETY CODE § 481.112*. *Id.*

Guerrero sought review on double-jeopardy grounds and contended that the legislature did not intend for multiple convictions and punishments for his actions. *Id.* We issued split opinions. A four-judge plurality held that Guerrero's conviction for manufacturing and possessing with intent to deliver the same cache of methamphetamine did not violate the *Double Jeopardy Clause*. *Id. at 553-54, 557, 560-61*. But a majority, comprised of two concurring judges [1] and three dissenting judges, [2] noted that the legislature did not intend multiple punishments for manufacture and simultaneous possession with intent to deliver with respect to a single quantity of controlled substances. *Id. at 563-64, 567* (Cochran, J., concurring; Holcomb, J., dissenting). However, the concurring judges noted that Guerrero had [**10] engaged in more than one distinct act by separately producing three distinct batches of methamphetamine. *Id. at 561*. Two of the batches were of a sufficient amount to sustain separate convictions for manufacturing or possession [*194] with intent to deliver at the charged weight. Therefore, the concurrence agreed with the plurality that there was no violation of double jeopardy *in that case*. *Id.* "Two distinct acts equal two violations of *section 481.112 of the Texas Health and Safety Code*, but one act (simultaneous manufacture and possession with intent to deliver) evidenced by one bottle seized at one time equals only one violation of that section." *Id.*

The five concurring and dissenting judges relied on our earlier analysis of the same statute in *Lopez v. State, 108 S.W.3d 293, 297 (Tex. Crim. App. 2003)*. *Id. at 563-64*. In *Lopez*, we noted that *HN8*[⬆] manufacturing, possessing with intent to deliver, and delivering were all points along the spectrum of the offense of drug trafficking. *Lopez v. State, 108 S.W.3d at 299-300*. Further, in light of the fact that the legislature enumerated differing punishments based solely on the quantity of drugs discovered, the gravamen of the statute seems to be on the quantity of drugs as opposed to the type of action taken. *Id.* Therefore, we concluded that the statute established alternative ways to commit a single offense of "distribution of dangerous drugs in our society" and was designed to allow prosecution regardless of where on the continuum the perpetrator is caught. *Id.*

**Conclusion**

The present case is distinguished from *Guerrero* in that, unlike Guerrero's indictment for manufacture and possession involving three distinct batches of methamphetamine, this appellant was charged and convicted based [**12] on the manufacture and simultaneous possession of a single quantity of methamphetamine. In accordance with our analysis of the statute in *Lopez*, we hold that *HN9*[⬆] the legislature intended that *TEXAS HEALTH AND SAFETY CODE § 481.112* establishes alternative means of punishing an offense in the continuum of drug distribution. Manufacturing and possession with intent to deliver both create the singular danger that controlled substances will be distributed to society. Therefore, a single act (simultaneous manufacture and resulting possession with intent to deliver) with respect to a single quantity of controlled substances constitutes a single violation of *TEXAS HEALTH AND SAFETY CODE § 481.112*.

*HN10*[⬆] While one cannot manufacture methamphetamine without simultaneously possessing it, this is not true of delivery of that same single quantity of methamphetamine; one can possess without delivering. We reiterate that our holdings here and in *Guerrero* do not bar a prosecution for delivery of a controlled substance if a person who manufactures (and thereby possesses) a quantity of a controlled substance later delivers that same quantity to a third party. A later sale of that substance to a third party would [**13] be a second distinct act, a separate violation of the statute, and a basis for a second punishment. *See Blockburger, 284 U.S. at 301-02*.

Appellant's convictions for both the manufacture and simultaneous possession with intent to deliver of a single container of methamphetamine violated the *Double Jeopardy Clause*.

We affirm the judgment of the court of appeals.

---

[1] *Id. at 561*. (Cochran, J., joined by Womack, J., concurring)("I concur in the court's judgment, but I respectfully disagree that a person may be punished for both manufacturing and possessing with intent to deliver the same single cache of methamphetamine at one specific time.")

[2] *Id. at 567* (Holcomb, J., joined by Meyers and Johnson, JJ., dissenting)("[T]he Legislature intended that the manufacture of a single quantity of methamphetamine and the simultaneous possession of that methamphetamine with intent to deliver it to someone else would [**11] constitute but one violation of *§ 481.112(a)*, for which there could be but one conviction and one punishment.")

Robert Rodery

Page 7 of 7

326 S.W.3d 189, *194; 2010 Tex. Crim. App. LEXIS 793, **13

Delivered: June 30, 2010

Publish

**Dissent by:** KEASLER; KELLER

## Dissent

### [*195] DISSENTING OPINION

The majority incorrectly distinguishes the facts of this case from those in our recent decision in *Guerrero v. State.* [1] But the facts of *Guerrero* are identical. In *Guerrero*, a plurality of us held that Guerrero's convictions for manufacturing and possessing with intent to deliver the same cache of methamphetamine did not violate the *Double Jeopardy Clause.* [2] Though Guerrero's manufacture and possession with intent to deliver were close in time, they "were discrete acts with different impulses"--"one impulse to manufacture and another impulse to possess for the purpose of delivering what has been manufactured." [3] The same can and should be said here. I would therefore hold that there is no jeopardy violation and reverse the court of appeals's judgment.

DATE FILED: June 30, 2010

PUBLISH

**KELLER, P.J., filed a dissenting opinion in which KEASLER, and HERVEY, JJ., joined.**

The Court relies on *Lopez* [1] for the proposition that the gravamen of the statute at issue here is "the quantity of drugs" as opposed to "the type of action taken." The Court bases its holding today on the *Lopez* "continuum theory," which says that manufacturing, possessing with intent to deliver, and delivering are "all points along the spectrum of the offense of drug trafficking." They are all alternative ways to commit a single offense--the offense of "distribution of dangerous drugs in our society," "regardless of where on the continuum the perpetrator is caught." As I have said before, the big problem with the continuum theory is that it means that a person who manufactures a controlled substance is free to later sell that substance to a third party without subjecting himself to prosecution for an additional offense. [2]

In order to avoid this irrational outcome, the Court engages in some strange maneuvers. It refers to [**15] supposed holdings in this case and in *Guerrero* [3] that manufacture and delivery of drugs are separate offenses, even though those were not the offenses at issue in either case, and even though *Guerrero* was a plurality opinion. More importantly, it chops off the end of the *Lopez* continuum, even though that is the only basis for its holding in this case. If "distribution of dangerous drugs" is not a single offense, as the Court held in *Lopez*, then not only has the Court overruled that opinion *sub silentio,* it has lost the footing for its holding today.

I respectfully dissent.

Filed: June 30, 2010

Publish

---

---

[1] *305 S.W.3d 546 (Tex. Crim. App. 2009)* [**14] (plurality op.).

[2] *Id. at 553-54, 557, 560-61.*

[3] *Id. at 554.*

[1] *Lopez v. State, 108 S.W.3d 293 (Tex. Crim. App. 2003).*

[2] *Id. at 302* (Keller, P.J., concurring).

[3] *Guerrero v. State, 305 S.W.3d 546 (Tex. Crim. App. 2009).*

Robert Rodery