**Opinion filed September 29, 2023**



# In The

# Eleventh Court of Appeals

_____

## No. 11-21-00287-CR

_____

## JOHN PATRICK ROBERTS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 132nd District Court**
**Borden County, Texas**
**Trial Court Cause No. 244**

## M E M O R A N D U M   O P I N I O N

Appellant, John Patrick Roberts, challenges his conviction for the third-degree felony offense of driving while intoxicated. *See* TEX. PENAL CODE § 49.09(b)(2) (West Supp. 2022). The jury found Appellant guilty of the offense. Appellant pled "true" to two enhancements and the jury assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a period of

sixty years. *See* PENAL § 12.42(d) (West 2019). The trial court sentenced Appellant accordingly. Appellant claims that the trial court erred in overruling an objection to video evidence presented by the State in the guilt-innocence phase of trial. Appellant also argues that his trial counsel's representation was ineffective for failing to request a mistrial after the objected-to evidence was presented to the jury.

*Factual and Procedural History*

On April 20, 2020, Borden County Sheriff's Deputy Bradley Pifher responded to an afternoon call that there was a possible stranded motorist and vehicle off the roadway. After arriving, Deputy Pifher saw the back end of a travel trailer sticking out of the reeds on the side of the road, and a red pickup down an embankment behind the reeds. Appellant was the driver of the red pickup. While Deputy Pifher was talking with Appellant, he smelled alcohol on Appellant's breath. As a result, Deputy Pifher conducted three standardized field sobriety tests (SFSTs): horizontal gaze nystagmus (HGN), walk-and-turn, one-leg-stand; Deputy Pifher also conducted a vertical gaze nystagmus (VGN) test. Deputy Pifher observed a total of six out of six clues for the HGN test, four clues for the walk-and-turn test, two out of four clues for the one-leg-stand test, and zero clues for the VGN test. Following the SFSTs, Deputy Pifher concluded that Appellant was intoxicated and placed him under arrest. However, after the SFSTs and prior to the arrest, Officer Pifher also conducted a preliminary breath test—the results of which are the subject of the issues on appeal.

At trial, the State played a video from Deputy Pifher's patrol car dash camera. Appellant objected to the introduction of the results of the preliminary breath test (PBT) taken by Appellant at the scene of the accident. The trial court overruled counsel's objection to the entire video but instructed the State "not to get into the results of the PBT." In the discussion that followed, neither the State nor the trial

court could recall whether the results of the PBT test were stated on the video, and each expressed a belief that they were not, but Appellant disagreed. The trial court reiterated that "[t]he results are not admissible." Appellant's trial counsel warned that the results would be "coming up shortly" in the part of the video that was about to be played. The State resumed the video, only to pause it and apologize when the PBT results were indeed stated on the video. The trial court instructed the jury sua sponte to "disregard that last comment on the video" and to "not consider it for any purpose." The results of the PBT were not mentioned again during the course of the trial.

Appellant had consented to a blood sample. And prior to the State's publication of the PBT test results, the blood test results had been presented to the jury without objection. The results of the blood test indicated that Appellant had a blood alcohol content of 0.098 grams of alcohol per 100 milliliters of blood—over the legal limit in Texas. The forensic scientist who testified to these results also testified about the effects of alcohol on the human body and the concept of retrograde extrapolation as a means for calculating the blood alcohol concentration of a driver at a time prior to a blood sample being taken.

Deputy Pifher received the call from dispatch at 4:41 p.m. and he arrived at the scene at 5:10 p.m. The certified medical assistant recorded that Appellant's blood was drawn at 7:44 p.m.—some three hours after the dispatch call. The forensic scientist calculated that, accordingly, Appellant's blood alcohol content would have been between 0.128 and 0.188 three hours before his blood was drawn, which the State argued roughly corresponded to the time frame when Appellant drove the pickup and travel trailer off of the road. Following the presentation of evidence, the jury found Appellant guilty of the offense as charged and assessed punishment at confinement for a term of sixty years.

*Issue One*

In Appellant's first issue on appeal, he focuses his argument on the inadmissibility of the PBT results and claims that the trial court erred in allowing the State's video to continue to be played because the results were eventually revealed to the jury.

A trial court's ruling on the admissibility of evidence is reviewed under an abuse of discretion standard. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). A trial court abuses its discretion when it goes outside the zone of reasonable disagreement. *Id.* Importantly, a complaining party must have obtained an adverse ruling from the trial judge, or objected to the judge's refusal to rule, to preserve error in the admission or exclusion of the evidence. *Moff v. State*, 131 S.W.3d 485, 489 (Tex. Crim. App. 2004). If evidence improperly comes before a jury—and the trial court instructs the jury to disregard—there is a presumption that the instruction to disregard is sufficient to cure any improprieties during trial, as well as a presumption that a jury will follow the trial court's instruction to disregard. *See Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009).

During trial, Appellant objected to the video claiming that the PBT was not a scientific test and was therefore inadmissible. The State agreed that the PBT *results* were not admissible, but that the fact the test was taken was admissible. The trial court agreed that the PBT *results* were not admissible and therefore sustained Appellant's objection. The State indicated a willingness to redact the video but neither party made a request that the time to do so be taken. The trial court permitted the State to continue to play the video but, ostensibly, the trial court was not cognizant that, contrary to its explicit rulings and the State's assertions, the portion of the video including the PBT results were about to be published without redaction.

4

It appears that the State mistakenly played that portion of the video.[1]  Although the trial court allowed the State to continue playing the video notwithstanding Appellant's comment that he "anticipate[s] [the PBT test results] will be coming up shortly," which resulted in the PBT results being revealed to the jury, the trial court clearly did not intend to allow the admission of the PBT results—twice stating the PBT results were not admissible.  The introduction of the PBT and its results were the basis of Appellant's objection.  Appellant's objection relating to the introduction into evidence of PBT results *was sustained*.  Therefore, Appellant did not obtain an adverse ruling, nor a refusal to rule on an objection thereto, that is necessary to preserve the admissibility issue for appellate review.  *See Moff*, 131 S.W.3d at 489.

Appellant further complains that the discussion with the trial court regarding the PBT results was conducted in the presence of the jury.  It is unclear regarding what comments during the bench conference if any, members of the jury actually heard.  Appellant has failed to bring forward a record clearly showing what comments, if any, the jury heard and therefore, no prejudice is shown. *Rojas v. State*, 986 S.W.2d 241, 251 (Tex. Crim. App. 1998); *Polk v. State*, 926 S.W.2d 767 (Tex. App.—Tyler 1996, no pet.); *Nelson v. State*, 881 S.W.2d 97, 101 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd).  Further, we note that Appellant's trial counsel did not request that the trial court permit him to, outside the presence of the jury, further discuss his objections on the issue.  *See* TEX. R. EVID. 103; *Martinez v. State*, 91 S.W.3d 331, 335–36 (Tex. Crim. App. 2002).[2]

---

[1]The attorney for the State addressed the trial court stating: "I apologize, Your Honor.  I did not realize that it was - - when [trial counsel] said it was coming up shortly, I thought he meant at the time we looked at the video yesterday, which was just shortly after he blew into it. I don't want to bring it to any further attention, but obviously there it is."

[2]On appeal, Appellant claims the open discussion with the trial court violated Appellant's motion in limine tendered to the trial court.  However, Appellant did not obtain any ruling on the motion in limine prior to the start of trial.  *See* TEX. R. APP. P. 33.1 (The record must show that a complaint was made to the

Because the trial court sustained Appellant's objection as to the PBT results, the trial court did not abuse its discretion by allowing the State to resume playing the video when it was under the impression that the results were not stated on the video and those impressions were confirmed by the State, the proponent of the evidence. In other words, the trial court's exclusion of the evidence was clearly expressed, and the trial court was unaware that the test results would be revealed on the video in violation of its ruling. Any error in the subsequent admission of the PBT results before the jury lies with the parties. When the trial court overruled the objection to the video as a whole—assuming that there would be the appropriate redaction compliant with his ruling—it was not outside the zone of reasonable disagreement. Having clearly ruled that the PBT results were inadmissible, and having immediately instructed the jury to disregard that evidence when it was inadvertently revealed, the trial court effectively cured the errors now alleged by Appellant. *See Gamboa*, 296 S.W.3d at 580 (jury presumed to follow instruction to disregard an outburst and statement made by a family member of the victim—not a witness and not under oath—during testimony by a witness for the State); *Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998) (jury presumed to disregard parole during deliberation when so instructed); *Waldo v. State*, 746 S.W.2d 750 (Tex. Crim. App. 1988) (jury presumed to follow instruction to disregard testimony regarding defendant's post-Miranda silence); *Gardner v. State*, 730 S.W.2d 675, 696 (Tex. Crim. App. 1987) (jury presumed to follow instruction after accomplice witness alluded to defendant's previous incarceration); *Routh v. State*, 516 S.W.3d

---

trial court by a timely request, objection, or motion, and that the trial court either ruled on the request—implicitly or explicitly—or refused to rule and the complaining party objected to the refusal.) Here, while Appellant requested that the trial court rule on all the motions during the October 5 pre-trial hearing, the trial court asked that the motions be presented when trial began on November 8. The record reflects that no subsequent request for any ruling on Appellant's motion in limine was made by Appellant at trial. Accordingly, any complaint on appeal that the trial court violated the motion in limine by allowing the jury to hear the objection and discussion, has not been preserved for review on appeal.

677, 704 (Tex. App.—Eastland 2017, no pet.) (jury presumed to follow the instruction to disregard testimony where a mistake was explained to the jury and evidence was withdrawn from consideration). There is nothing in the record to suggest that the trial court's instruction to the jury was insufficient, nor to suggest that the jury did not follow the trial court's instruction to disregard. We overrule Appellant's first issue.

### Issue Two

In his second issue, Appellant claims that his trial counsel was ineffective for failing to request a mistrial after Appellant's PBT results were revealed to the jury in the patrol car video excerpt. Appellant's trial counsel did not make a request for mistrial at the time the results were revealed to the jury and did not file a motion for new trial with any additional information or alleged error following the jury's verdict. No other acts or omissions by trial counsel are alleged by Appellant in support of this issue; therefore, we confine our ineffective assistance analysis to the alleged error of failure to request a mistrial following the presentation of evidence the trial court determined to be inadmissible.

Texas courts follow the *Strickland* two-prong test to determine if trial counsel's representation was so inadequate as to violate a defendant's Sixth Amendment right to counsel. *See Strickland v. Washington*, 466 U.S. 668 (1984); *Hernandez v. State*, 726 S.W.2d 53, 55–56 (Tex. Crim App. 1986). First, an appellant must show that his counsel's performance was deficient; second, the appellant must show that the deficient performance prejudiced the defense. *Wiggins v. Smith*, 539 U.S. 510, 521 (2003); *Strickland*, 466 U.S. at 687. Judicial review of an ineffective-assistance-of-counsel claim must be highly deferential to trial counsel and avoid using hindsight to evaluate counsel's actions. *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984). There is a strong presumption

that counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 690.

The failure of Appellant's trial counsel to request a mistrial can only be an act of ineffective assistance of counsel if a mistrial should have been granted. *Weinn v. State*, 281 S.W.3d 633, 641 (Tex. App.—Amarillo 2009), *aff'd on other grounds* 326 S.W.3d 189 (Tex. Crim. App. 2010). The grant or denial of a mistrial is within the discretion of the trial court. *Id.* (citing *Kipp v. State*, 876 S.W.2d 330, 339 (Tex. Crim App. 1994)). "A mistrial is a remedy of last resort." *See Berkley v. State*, 298 S.W.3d 712, 714 (Tex. App.—San Antonio, pet. ref'd). A mistrial is proper when used to halt trial proceedings because an error is so prejudicial that it is incurable—making an impartial verdict impossible—or when a verdict would have to be reversed on appeal due to obvious procedural error. *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000). "The determination of whether a given error necessitates a mistrial must be made by examining the particular facts of the case." *Weinn*, 281 S.W.3d at 642.

Appellant claims that after the PBT results were revealed to the jury, trial counsel should have requested a mistrial. In determining whether the alleged error necessitated a mistrial, we review in context the events and the particular facts as presented at trial. *See id.* Here, before any evidence regarding the PBT results were revealed, the jury had already heard scientific results of Appellant's over-the-limit blood alcohol content through expert testimony. *See* PENAL § 49.01(2)(B) (defining "intoxicated" as "having an alcohol concentration of 0.08 or more"). And no rebuttal expert on behalf of Appellant had testified to the contrary. In support of the verdict, notwithstanding that the PBT results, the record demonstrates that the jury was provided evidence that Appellant's pickup was driven off the road; of Appellant's blood alcohol content test results; that Appellant's blood alcohol level was above the

legal limit in Texas at the time of the incident; of Appellant's written statement that he had been drinking alcohol the day his pickup went off the road; and that Appellant's breath smelled like alcohol and presented multiple clues of intoxication during the SFSTs.

In addition, an examination of the record reveals that, immediately before the PBT results were presented to the jury, the trial court ruled that the admission of that evidence was prohibited. The error in providing the results of the PBT to the jury did not fall on the trial court, but on the parties—primarily the State. Immediately after the offending evidence was shown, the State's attorney stopped the video, brought it to the trial court's attention, and the trial court instructed the jury to disregard the comment and not to consider it for any purpose. Appellant's trial counsel made no objection after the evidence was revealed. Yet, without objection, the trial court properly instructed the jury to disregard. The PBT results were not mentioned again during the trial and the exhibit was redacted before being made available to the jury during its deliberations. As stated previously, there is nothing in the record to suggest that the trial court's instruction to the jury to disregard was insufficient, nor to suggest that the jury did not follow the trial court's instruction to not consider it for any purpose. As a result, we presume that the instruction to disregard the video testimony was effective and followed by the jury. *See Gamboa*, 296 S.W.3d at 580. Moreover, Appellant's trial counsel's inaction following the State's inadvertent disclosure of the PBT results could be considered sound trial strategy. *See Ortiz v. State*, 93 S.W.3d 79, 88–89 (Tex. Crim. App. 2002) ("If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective-assistance claim on direct appeal."); *Thompson v. State*, 9 S.W.3d 808, 813–14 (Tex. Crim. App. 1999).

Based upon the facts and circumstances presented, we cannot say that, had a motion for mistrial been made, a denial thereof by the trial court would have been error. *See Weinn*, 281 S.W.3d at 642. Accordingly, the failure to request a mistrial did not constitute ineffective assistance of counsel in this case. Appellant's second issue is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.

W. BRUCE WILLIAMS

JUSTICE

September 29, 2023

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.