

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00141-CR

---

CHRISTOPHER BARTLOME, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 483rd District Court
Hays County, Texas[1]
Trial Court No. CR-20-4972-A, Honorable Tanner Neidhardt, Presiding

---

October 23, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

A jury found Appellant Christopher Bartlome guilty of theft of property, with two prior convictions,[2] and the trial court assessed punishment at twenty-two months' confinement. The four issues Appellant raises on appeal concern the sufficiency of the evidence, denial of his request for an instruction on a lesser-included offense, denial of

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001.

[2] *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(D).

his motion for mistrial, and effectiveness of his trial counsel. We modify the judgment and remand to the trial court.

## BACKGROUND

In October of 2020, Appellant and a female companion entered an H-E-B grocery store in Kyle, Texas. As he walked through the store, Appellant placed several items in his shopping cart and in plastic H-E-B bags. His companion placed items in her purse, put her purse in a parked vehicle, and returned to the store. Appellant took his shopping cart into the store's garden center. His companion joined him there and they purchased a bag of potting soil. They put the potting soil into the cart with the unpurchased items and then exited the garden center through a loading area. Appellant soon returned to the garden center. Meanwhile, the checkout clerk contacted the store's loss prevention manager. The loss prevention manager confronted Appellant's companion as she pushed the cart in the parking lot. He asked to see receipts for the purchases, which the woman did not have. She agreed to return to the store with the manager. Before they entered the store, however, Appellant drove toward them in a vehicle. The woman left the cart, got into the car with Appellant, and they drove away. H-E-B's loss prevention manager inventoried the contents of the cart and determined that the total value of the items was $207.73.

Shortly thereafter, Appellant and his companion were stopped in Buda, Texas. Appellant was arrested and charged with theft. He was subsequently indicted with the state jail felony offense of theft less than $2,500 with two prior theft convictions. The case proceeded to trial in February of 2023 and a jury was sworn. After the lunch break that

2

followed, Appellant failed to return to court. The case continued in his absence, with Appellant's counsel entering a plea of "not guilty" on his behalf. The jury found Appellant guilty. At the sentencing hearing, which was conducted in January of 2024, the trial court sentenced Appellant to twenty-two months' confinement in state jail.

## ANALYSIS

Pursuant to section 31.03(e)(4)(D) of the Penal Code, a theft offense is a state jail felony if the value of the property stolen is less than $2,500 and the defendant has two or more prior theft convictions. TEX. PENAL CODE ANN. § 31.03(e)(4)(D). Here, the State presented evidence that Appellant was convicted of theft in Travis County in 2003 and in Comal County in 2002. In his first issue, Appellant contends that the State failed to prove beyond a reasonable doubt that Appellant was the person convicted in the Comal County case.[3]

The two prior theft convictions are jurisdictional elements of the offense. *Tamez v. State*, 11 S.W.3d 198, 201 (Tex. Crim. App. 2000). To prove a prior conviction of an offense, the State must establish beyond a reasonable doubt that (1) a prior conviction exists, and (2) the defendant is the person linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007). "No specific document or mode of proof is required to prove these two elements." *Id.* Although the State may prove the existence of a defendant's prior conviction by offering a certified copy of a judgment of conviction, this alone is normally insufficient to link the defendant to the prior conviction, even if the

---

[3] Appellant does not challenge the sufficiency of the evidence establishing his prior conviction in Travis County.

name of the defendant and the name on the judgment are the same. *Henry v. State*, 509 S.W.3d 915, 919 (Tex. Crim. App. 2016); *see Flowers*, 220 S.W.3d at 925 (Johnson, J., concurring) (noting that "[c]learly, we must not depend only on a name or even a name and a birth date" in linking defendant to prior conviction); *see also Prihoda v. State*, 352 S.W.3d 796, 808–10 (Tex. App.—San Antonio 2011, pet. ref'd) (finding insufficient evidence to support enhancement where only evidence linking defendant to prior conviction was his full name on prior conviction judgment, his signature on judgment, and police officer's response to question about prior DWI).

The State bears the burden of establishing the necessary links by presenting independent evidence that shows that the defendant on trial and the person previously convicted are the same. *Beck v. State*, 719 S.W.2d 205, 210 (Tex. Crim. App. 1986). Courts have identified several means by which the State may establish both elements, including through (1) the defendant's admission or stipulation, (2) testimony from a witness who was present when the defendant was previously convicted and who can identify the defendant as the person who was previously convicted, (3) fingerprints supported by expert testimony that identifies the prints as those of the defendant, or (4) a judgment, pen packet, or other records that contain sufficient information or descriptors that show the defendant's identity or physical description, such as a photograph of the defendant. *Henry*, 509 S.W.3d at 918; *Flowers*, 220 S.W.3d at 921–22.

In this case, the State presented a certified copy of a judgment from Comal County in cause number 2002CR1260, styled *The State of Texas vs. Christopher Patrick Bartlome*. The judgment reflects that the named defendant was found guilty of the offense of theft on December 9, 2002, and includes the defendant's right thumbprint. The

4

judgment itself includes no other identifying information, such as the defendant's birthdate, Social Security number, state identification (SID) number, signature, physical description, or photograph. The State's witness, sergeant investigator Rheanne Garcia, an expert in latent fingerprint identification, testified that she compared the thumbprint on the Comal County judgment to Appellant's ten-print card taken when he was arrested. Garcia testified that the copy of the print on the judgment was of low quality and thus her analysis was inconclusive. Garcia also testified that she submitted Appellant's SID number to a criminal history database. According to Garcia, Appellant's SID number "showed" the judgments from Travis County and Comal County. Based on the thumbprint and what she reviewed, Garcia concluded "beyond a reasonable doubt" that Appellant is the same Christopher Bartlome convicted in the two prior judgments.

Because Garcia acknowledged that her fingerprint analysis was inconclusive, the only evidence linking Appellant to the Comal County conviction is his name and Garcia's testimony about her review of "other documents" not admitted into evidence. Since the name alone is insufficient to link Appellant to the prior conviction, we must consider whether Garcia's testimony is sufficient to link Appellant to the Comal County judgment. We have found no cases, and neither party has directed us to any, holding that an expert's opinion concerning her review of information about a defendant's criminal history is sufficient to connect a prior judgment of conviction to that defendant. *See Hensley v. State*, No. 02-13-00190-CR, 2014 Tex. App. LEXIS 5273, at \*11–14 (Tex. App.—Fort Worth May 15, 2014, no pet.) (per curiam) (mem. op., not designated for publication) (and cases cited therein) (fingerprint expert's testimony regarding documents not admitted into evidence insufficient to link defendant to prior convictions).

The State urges that Appellant was linked to the Comal County conviction by his SID number, "even though that number is not actually reflected in the admitted exhibits." The State cites *Meek v. State*, No. 03-05-00269-CR, 2006 Tex. App. LEXIS 6692, at *8–9 (Tex. App.—Austin July 28, 2006, no pet.) (mem. op.), in support of its position that a jury may consider a defendant's name and SID number in its determination. However, in *Meek*, the State introduced penitentiary packets related to the defendant's prior convictions which included the defendant's full name and SID number. *Id.* at *8. In addition, the pen packets had photographs of the convicted individual, which jurors could compare to the defendant in the courtroom, and the convicted individual's signature, which jurors could compare to the defendant's signature on a letter sent in connection with his pending case. *Id.* at *8–9. In contrast, the Comal County judgment does not contain any identifying information other than the name and a thumbprint the expert could not conclusively match. Therefore, we conclude that the evidence is insufficient to support a finding that Appellant is the same person previously convicted of the Comal County offense. We sustain Appellant's first issue.

However, this does not end our analysis. When a court of appeals concludes that evidence is insufficient to support a conviction, it may reform the judgment to reflect conviction of a lesser-included offense if the evidence is sufficient to support conviction of the lesser-included offense, even if the jury was not charged on the lesser-included offense. *Bowen v. State*, 374 S.W.3d 427, 431–32 (Tex. Crim. App. 2012). To so reform a judgment, two conditions must be met: (1) the jury necessarily found every element to convict the accused of the lesser-included offense when it convicted the accused of the

6

reversed offense, and (2) there is sufficient evidence to support a conviction for the lesser-included offense. *Thornton v. State*, 425 S.W.3d 289, 299–300 (Tex. Crim. App. 2014).

Both conditions are met here. Misdemeanor theft is a lesser-included offense of state jail felony theft because proof of the lesser-included offense of misdemeanor theft is included within the proof necessary to establish the state jail felony offense. *See Phillips v. State*, 178 S.W.3d 78, 81 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (describing circumstances in which offense is lesser-included offense of charged offense); *compare* TEX. PENAL CODE ANN. § 31.03(e)(2) (listing elements of Class B misdemeanor theft as theft of property valued at $100 or more but less than $750), with § 31.03(e)(4)(D) (classifying theft as state jail felony if property is less than $2,500 and defendant has been previously convicted of two or more theft offenses). A person commits Class B misdemeanor theft if the person unlawfully appropriates property with intent to deprive the owner of property and the property has a value of $100 or more but less than $750. TEX. PENAL CODE ANN. § 31.03(a), (b), (e)(2)(a). Here, the jury necessarily found that Appellant unlawfully appropriated property with intent to deprive the owner of the property. The State presented evidence, which was uncontradicted, that the value of the stolen items was $207.73. Moreover, because we have determined that the evidence was insufficient to establish Appellant's prior convictions beyond a reasonable doubt, there is evidence from which a jury could rationally conclude that Appellant was only guilty of the lesser-included offense of misdemeanor theft. Accordingly, we modify the trial court's judgment to reflect Appellant's conviction of the lesser-included offense of Class B theft. Because of the modification, we remand the cause to the trial court for the appropriate assessment of punishment and sentencing.

7

In his second issue, Appellant asserts that the trial court erred by failing to include a lesser-included-offense charge for misdemeanor theft. Because this issue has been addressed through our disposition of Appellant's first issue, we need not address it further. TEX. R. APP. P. 47.1.

In his third issue, Appellant argues that the trial court erred by denying Appellant's motion for mistrial after a witness testified that Appellant had multiple prior theft convictions. We review a trial court's denial of a motion for mistrial for an abuse of discretion. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). Generally, to determine whether a trial court abused its discretion by denying a mistrial, we consider three factors: (1) the severity of the misconduct and its prejudicial effect; (2) the effectiveness of the curative measures taken; and (3) the certainty of the conviction or punishment assessed absent the misconduct. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). The trial court's ruling will be upheld if it was "within the zone of reasonable disagreement . . . ." *Wead v. State*, 129 S.W.3d 126, 129 (Tex. Crim. App. 2004).

The police officer who arrested Appellant testified that he learned Appellant "had multiple convictions of theft prior to this incident." Appellant's counsel immediately objected, then stated, "Request a mistrial. Ask jury to be instructed to disregard." Following a brief bench conference, the trial judge instructed the jury "to only keep in mind the two convictions for theft that you have been – have been shown to you. You'll weigh the evidence of whether those have been proven to you, but those are the only things that you should consider as far as previous convictions."

8

Instructions to disregard "are generally considered sufficient to cure improprieties that occur during trial." *Gamboa v. State*, 296 S.W.3d 574, 580 (Tex. Crim. App. 2009). Further, it "is well-settled that testimony referring to or implying extraneous offenses can be rendered harmless by an instruction to disregard by the trial judge, unless it appears the evidence was so clearly calculated to inflame the minds of the jury or is of such damning character as to suggest it would be impossible to remove the harmful impression from the jury's mind." *Kemp v. State*, 846 S.W.2d 289, 308 (Tex. Crim. App. 1992) (en banc). Here, the jury had already heard evidence indicating that Appellant had two prior convictions for theft. In our view, the arresting officer's brief reference to Appellant having "multiple" convictions for theft was not so inflammatory that it could not be cured by the trial court's prompt instruction to consider only the two prior theft convictions raised by evidence. *See, e.g., Gardner v. State*, 730 S.W.2d 675, 696 (Tex. Crim. App. 1987) (witness's allusion to defendant's time in penitentiary cured by trial court's instruction to disregard). Therefore, we overrule Appellant's third issue.

In his final issue, Appellant claims that his trial counsel was ineffective for failing to reurge the motion for mistrial and obtain an express ruling on it. To establish ineffective assistance of counsel, an appellant must prove by a preponderance of the evidence both that his counsel's representation was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Prine v. State*, 537 S.W.3d 113, 116 (Tex. Crim. App. 2017).

"The failure of appellant's counsel to request a mistrial could only be termed an act of ineffective assistance of counsel if a mistrial should have been granted." *Weinn v. State*, 281 S.W.3d 633, 641 (Tex. App.—Amarillo 2009), *aff'd*, 326 S.W.3d 189 (Tex.

Crim. App. 2010).  Because the trial court instructed the jury to disregard and there is nothing in the record to suggest the jury was unable to do so, a mistrial was not warranted.  Consequently, we reject Appellant's argument that his trial counsel was ineffective for failing to reurge the motion and obtain an express ruling on it.  We overrule Appellant's fourth issue.

## CONCLUSION

For the reasons set forth above, we modify the judgment to reflect conviction for Class B misdemeanor theft and remand to the trial court for a new hearing on punishment.


Judy C. Parker
Justice


Do not publish.